# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3534
_____

Jose David Constanza-Martinez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 23, 2013
Filed: January 9, 2014

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Jose David Constanza-Martinez petitions for review of the Board of Immigration Appeals (BIA) decision denying him withholding of removal. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Constanza-Martinez, a former special forces member of the El Salvador military, unlawfully entered the United States in 2000. The Department of Homeland Security began removal proceedings in 2011. He conceded removability, petitioning for withholding of removal. He believes that El Salvador is unable to control the gangs that will recruit him and persecute him based on his "pro rule of law opinion." *See* **8 U.S.C. § 1231(b)(3)(A)** ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."); *Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005) (defining persecution as harm inflicted by the government or by "persons or an organization that the government [is] unable or unwilling to control"). The Immigration Judge (IJ) denied his petition. He appealed to the BIA, which upheld the IJ. He appeals, arguing that the BIA erred by denying him due process, in relying on a prior BIA decision, and in its factual conclusions.[1]

"This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." *R.K.N. v. Holder*, 701 F.3d 535, 537 (8th Cir. 2012). "We review the BIA's factual findings for substantial evidence and its legal determinations de novo. . . . The BIA's decision can be reversed only if the evidence 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Zacarias-Velasquez v. Mukasey*, 509 F.3d 429, 433 (8th Cir. 2007), *quoting* *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). The BIA's interpretation of immigration statutes is given substantial deference. *Matul-*

---

[1]Constanza-Martinez also requested protection under Article III of the Convention Against Torture. The BIA denied this request, and he expressly waives appeal.

*Hernandez v. Holder*, 685 F.3d 707, 711 (8th Cir. 2012). A due process claim in an immigration proceeding is reviewed de novo. *Zacarias-Velasquez*, 509 F.3d at 435.

II.

"The Fifth Amendment's due process clause mandates that removal hearings be fundamentally fair." *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004). During Constanza-Martinez's hearing, after a week's notice to the parties, the IJ introduced two documents into evidence: a USAID report on gangs in Central America, and a State Department issue paper on gangs in El Salvador. Constanza-Martinez argues that the introduction of these documents deprived him of a fair hearing. Before 1996, the Immigration and Naturalization Act (INA) directed that IJs "shall administer oaths, *present* and receive evidence, interrogate, examine, and cross-examine the alien or witnesses." **8 U.S.C. § 1252(b) (1994)** (emphasis added). The INA's current language directs that IJs "shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." **8 U.S.C. § 1229a(b)**. *See also* **8 C.F.R. §§ 1003.10(b)** (restating 8 U.S.C. § 1229a), **1240.1(c)** ("The immigration judge shall receive and consider material and relevant evidence . . . ."), **1240.7(a)** ("The immigration judge may receive in evidence any oral or written statement that is material and relevant to any issue in the case . . . .").

The parties agree it is unclear why "present" was removed from the INA. Even so, IJs maintain an affirmative duty to develop the record. "[U]nlike an Article III judge, [an IJ] is not merely the fact finder and adjudicator but also has an obligation to establish the record." *Al Khouri*, 362 F.3d at 465, *quoting Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir. 2002). "[U]nlike the trial judge, an administrative judge has a well established affirmative duty to develop the record." *Al Khouri*, 362 F.3d at 465, *quoting* **Charles H. Koch, Jr., Administrative Law and Practice § 5.25** (2d ed. 1997). Both the BIA and the IJ may take administrative notice of country conditions, provided the "alien be given notice of the . . . intention to take administrative notice,

and a sufficient opportunity to respond." *Francois v. INS*, 283 F.3d 926, 933 (8th Cir. 2002); *Ogayonne v. Mukasey*, 530 F.3d 514, 520 (7th Cir. 2008) (considering the INA's changed wording and concluding that "the IJ did not err in introducing these particular documents because they merely stated commonly acknowledged facts that were amenable to official notice"); *Ming Shi Xue v. BIA*, 439 F.3d 111, 118 (2d Cir. 2006) ("[T]he [Immigration and Naturalization] Service and the Immigration Judge both have a role in introducing evidence into the record."), *quoting In re S-M-J*, 21 I&N Dec. 722, 726 (BIA 1997).

To develop the record, the INA also gives IJs authority to "issue subpoenas for the attendance of witnesses and presentation of evidence." **8 U.S.C. § 1229a(b)**. An IJ may issue a subpoena *sua sponte*. "An Immigration Judge may issue a subpoena upon his or her own volition . . . ." **8 C.F.R § 1003.35(b)**. The IJ "may, upon his/her own volition . . . issue subpoenas requiring the attendance of witnesses or for the production of books, papers and other documentary evidence, or both." **8 C.F.R § 1287.4(a)**. Although the IJ did not issue a subpoena in this case, Constanza-Martinez argues that the IJ should have followed the "procedural safeguards" for a subpoena. The IJ did not need to issue a subpoena in this case. The documents were available and "amenable to official notice." *Ogayonne*, 530 F.3d at 520.

The IJ provided Constanza-Martinez an opportunity to examine the documents and respond to them. The IJ did not deprive him of a fundamentally fair hearing.

## III.

Constanza-Martinez argues that the evidence compels a conclusion that he will be persecuted in El Salvador. He claims he will be recruited by gangs based on his former military membership, yet that he will refuse to join due to his "pro rule of law" political opinion. Assuming former military membership is a "social group" (or that respect for the rule of law is a "political opinion") protected by 8 U.S.C. § 1231(b)(3)(A), he must establish that the record compels a conclusion that he will be persecuted. *See Elias-Zacarias*, 502 U.S. at 482-83 (requiring defendant "establish that the record . . . compels the conclusion that he has a 'well-founded fear' that the guerrillas will persecute him"); *Khilan v. Holder*, 557 F.3d 583, 585 (8th Cir. 2009) ("[T]he applicant must show that the government condoned [persecution] or at least demonstrated a complete helplessness to protect the victims."), *quoting Menjivar,* 416 F.3d at 921; *Corado v. Ashcroft*, 384 F.3d 945, 947 (8th Cir. 2004) (allowing a "specific, credible, and immediate" threat of death as evidence of persecution).

Constanza-Martinez fails to establish that the record compels the conclusion that he will be persecuted at all. After leaving the military and living in El Salvador, he was not harmed based on his former military membership. His brothers, who were never in the military, refused to join a gang and were not harmed. He shows no specific and immediate threat of future harm. Based on substantial evidence, the BIA and the IJ found that El Salvador has repeatedly tried to prevent gang violence and rehabilitate youth. Constanza-Martinez's evidence describes the "mass incarceration of gang members," government policies leading to "the arrest and detention of high-level gang leaders," and "social investment [in] municipalities with high levels of violence and exclusion." No reasonable adjudicator would be compelled to find that Constanza-Martinez has a well-founded fear of harm from gangs, or that the government is completely helpless to protect him.

Constanza-Martinez also argues that the BIA's reliance on a prior immigration case, *Matter of S-E-G*, 24 I&N Dec. 579 (BIA 2008), deprives him of an individualized determination of eligibility for relief. *See **Prokopenko v. Ashcroft***, 372 F.3d 941, 946 (8th Cir. 2004) (requiring individualized determinations in asylum cases). The BIA references *S-E-G* only in a footnote, and then not for factual support. The IJ relied on *S-E-G* only after considering Constanza-Martinez's history at length and concluding that he "has failed to meet his burden of proof to establish that it is 'more likely than not' that he would be persecuted in El Salvador." After this conclusion, the IJ cited *S-E-G* for support that recruitment by a gang lacks "the required nexus" with government to constitute persecution. *See **Khilan***, 557 F.3d at 585. The BIA and IJ based their decision on his individual circumstances and did not err by citing precedent.

Constanza-Martinez fails to show that a reasonable adjudicator would be compelled to conclude that he will be persecuted in El Salvador.

\* \* \* \* \* \* \*

The petition for review is denied.

_____