# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-3653

———————————————

Felicia Zeah

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: October 23, 2013
Filed: March 6, 2014

——————————

Before BYE, SMITH, and BENTON, Circuit Judges.

——————————

BYE, Circuit Judge.

Felicia Zeah petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the denial of Zeah's application for cancellation of removal. Zeah argues the Immigration Judge (IJ) and the BIA applied incorrect legal standards and violated her constitutional rights in handling testimony and in

determining Zeah had not established removal would result in exceptional and extremely unusual hardship to her minor child. We deny Zeah's petition.

I

Zeah, a citizen and national of Nigeria, came to the United States in 1985 to join her first husband. Zeah has two adult children from her first marriage. Zeah divorced her first husband and subsequently married her second husband, United States citizen James Wells, in 1989. The IJ found this was a sham marriage.

Zeah married her third and current husband, United States citizen Wilson Zeah, in 1999. Zeah and Wilson have a minor son together, J.R., who was born in 2000. J.R. has a learning disability as well as other social problems. Wilson filed a relative petition for Zeah which was denied pursuant to 8 U.S.C. § 1154(c) based on Zeah's alleged prior sham marriage.

In 2008, the Department of Homeland Security commenced removal proceedings against Zeah, contending she was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant, who, at time of application for admission, is not in possession of a valid entry document. Zeah conceded removeability, but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ heard two days of testimony, including that of Zeah, her husband, her adult son, and Dr. Ajovi B. Scott-Emuakpor ("Dr. Scott"). Zeah, her husband, and her adult son all testified about the family unit and Zeah's role as J.R.'s primary caretaker. The IJ refused to hear the testimony of J.R., who was then nine years of age, but allowed Zeah to make an offer of proof. J.R. would have testified to his mother being his caretaker. Zeah then sought to admit testimony from her adult daughter Kafayat. The IJ rejected the testimony because it would have been cumulative with the testimony of other family members. The IJ accepted an offer of proof regarding Kafayat's proposed testimony.

Zeah also offered testimony from Dr. Scott, her expert. Dr. Scott is a professor of pediatric medicine and is originally from Nigeria, which he regularly visits to work at a teaching hospital. Zeah sought to offer Dr. Scott as an expert in pediatric medicine, children who suffer from learning disabilities, the treatment of learning disabilities, treatment available in Nigeria, treatment available in the United States, and the importance of a primary caretaker. The IJ accepted Dr. Scott's testimony on pediatrics as expert testimony, and heard fact testimony from Dr. Scott on J.R.'s specific learning disability and conditions in Nigeria.

The IJ denied Zeah's application for cancellation of removal, determining Zeah failed to prove a family member would suffer exceptional or extremely unusual hardship if Zeah were removed. Specifically, the IJ believed the harm to J.R. upon Zeah's removal is suffered by the majority of children who have a parent removed. Alternatively, the IJ held it would deny Zeah's application as a matter of discretion because the record held substantial evidence of a prior sham marriage to Wells.

The BIA affirmed the IJ and dismissed Zeah's appeal. The BIA determined Zeah failed to prove a family member would suffer exceptional or extremely unusual hardship. The BIA found no error in excluding testimony from J.R. and found even if the IJ had erred in excluding expert testimony, Zeah was not prejudiced as testimony about conditions in Nigeria were irrelevant as J.R. would stay in the United States. The BIA did not address the IJ's alternative discretionary reason for denying relief based on the sham marriage.

II

Zeah now petitions for review of the BIA's denial of her application for withholding of removal. The United States filed a motion to dismiss for lack of subject matter jurisdiction.

-3-

Because the BIA's decision is the final decision of an agency, it is the subject of our review. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005) (citing Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005)). "In an appeal from the BIA, we review the BIA's fact-findings for substantial evidence, and we review its legal determinations, as well as any constitutional challenges, *de novo*." Banat v. Holder, 557 F.3d 886, 889 (8th Cir. 2009) (citing Ntangsi v. Gonzales, 475 F.3d 1007, 1011-12 (8th Cir. 2007)). In order to reverse under the substantial evidence standard, there must be evidence "so compelling that no reasonable fact-finder would fail to find for" Zeah. Nadeem v. Holder, 599 F.3d 869, 872 (8th Cir. 2010). Where, as here, the BIA adopts the IJ's reasoning, we also review the IJ's decision. Banat, 557 F.3d at 889-90 (citing Bhosale v. Mukasey, 549 F.3d 732, 735 (8th Cir. 2008)).

Zeah acknowledges her removeability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (allowing removal for an immigrant, who, at time of application for admission, is not in possession of a valid entry document). However, Zeah seeks cancellation of removal under 8 U.S.C. § 1229b(b)(1) which allows for cancellation of removal and adjustment of status if the alien (1) has been present in the United States for ten years; (2) has been a person of good moral character during that period; (3) has not been convicted of certain crimes; and (4) "establishes that removal would result in exceptional and extremely unusual hardship" for a spouse, parent, or child. 8 U.S.C. § 1229b(b)(1).

A

As a threshold issue, the government argues we should dismiss Zeah's petition for lack of jurisdiction. The decision to grant cancellation of removal is a discretionary act by the Attorney General which this Court may not review. 8 U.S.C. § 1252(a)(2)(B); Gomez–Perez v. Holder, 569 F.3d 370, 372 (8th Cir. 2009). However, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008). We

also possess jurisdiction to "review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, 'such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility.'" Pinos–Gonzalez v. Mukasey, 519 F.3d 436, 439 (8th Cir. 2008) (quoting Guled, 515 F.3d at 880). We have cautioned "that a petitioner may not create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb." Garcia–Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011) (internal quotation marks omitted).

Zeah alleges three errors regarding admission of testimony and an additional error related to application of incorrect legal standards. The United States contends Zeah is seeking to evade the prohibition against appellate review of this discretionary decision by recasting her arguments as presenting issues of law. Zeah, however, makes claims, which, while ultimately unpersuasive, allow us to review the petition inasmuch as constitutional and legal issues are raised.

B

Zeah argues the IJ erred in failing to qualify Dr. Scott as an expert witness and erred in failing to hear the testimony of Zeah's minor son and adult daughter.

"IJs maintain an affirmative duty to develop the record." Constanza-Martinez v. Holder, 739 F.3d 1100, 1102 (8th Cir. 2014). Thus, "'unlike an Article III judge, [an IJ] is not merely the fact finder and adjudicator but also has an obligation to establish the record.'" Id. (alteration in original) (quoting Al Khouri v. Ashcroft, 362 F.3d 461, 465 (8th Cir. 2004) ("[U]nlike the trial judge, an administrative judge has a well established affirmative duty to develop the record.")). "The traditional rules of evidence do not apply in immigration proceedings, except to the extent due process is implicated." Lybesha v. Holder, 569 F.3d 877, 882 (8th Cir. 2009). "[F]airness rather than the rules of evidence govern the admissibility of evidence[.]" Tun v.

Gonzales, 485 F.3d 1014, 1028 (8th Cir. 2007). To demonstrate her due process rights were violated, Zeah "must demonstrate both a fundamental procedural error and that the error resulted in prejudice." Lopez v. Hienauer, 332 F.3d 507, 512 (8th Cir. 2003). Prejudice "requires a showing that the outcome of the proceeding may well have been different had there not been any procedural irregularities." Tun, 475 F.3d at 1026.

Zeah argues the BIA erred in affirming the IJ's rulings regarding testimony from Dr. Scott, J.R., and Zeah's adult daughter Kafayat. The IJ did not commit procedural error in excluding in-whole the testimony of J.R. and Kafayat. J.R. and Kafayat were to testify about their home-life as well as Zeah being the primary caregiver for J.R. In addition, J.R. would have testified regarding how much he would miss his mother upon removal. This evidence had already been admitted through the credible testimony of Zeah, her husband, and her adult son. When there has already been credible testimony, there is no due process violation when an IJ refuses to admit cumulative and unnecessary evidence. Kinfe v. Ashcroft, 121 F. App'x 675, 679 (8th Cir. 2005).

Regarding Dr. Scott, we need not consider whether, as Zeah contends, the IJ erred in not qualifying more of Dr. Scott's testimony as expert testimony because Zeah is unable to show prejudice. See Agha v. Holder, __ F.3d __, 2014 WL 627572, at *7 (8th Cir. Feb. 19, 2014) (noting petitioner must show procedural error and prejudice). Federal Rule of Evidence 702 (allowing "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion") is not binding before an IJ, but can inform whether an IJ should have allowed expert testimony. See Tun, 485 F.3d at 1027. The BIA affirmed the IJ on the ground that the proffered testimony would not have shown exceptional and extremely unusual hardship to J.R. We cannot disturb the BIA's ruling because the proffered evidence is not "so compelling that no reasonable fact-finder could fail to

-6-

find for" Zeah had the testimony been admitted as expert testimony. <u>Agha</u>, 2014 WL 627572, at \*3.

C

Finally, Zeah argues the IJ erred by applying an incorrect legal standard in determining her petition was undeserving of a favorable grant of discretion and the BIA erred by declining to review this error. After finding Zeah ineligible for cancellation of removal under 8 U.S.C. § 1229b, the IJ held it would additionally exercise its discretion to deny Zeah relief based on her prior sham marriage to James Wells. The BIA did not reach this ground. While "we can review directly the decision of the IJ," <u>Ngure v. Ashcroft</u>, 367 F.3d 975, 981 (8th Cir. 2004), we need not do so in this scenario because we lack jurisdiction to review this discretionary decision. Zeah does not make a constitutional or legal claim, but takes offense with the way the IJ weighed the relevant factors. Zeah attempts to "create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb," <u>Garcia–Torres</u>, 660 F.3d at 338, but we do not have jurisdiction to review this claim.

III

Accordingly, we deny Zeah's petition for review.

_____

-7-