# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1486

———————————————

Jeho Chavez-Castillo, also known as Iran Castillo-Gomez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: October 7, 2014
Filed: November 17, 2014

——————————

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

——————————

MURPHY, Circuit Judge.

Petitioner Jeho Chavez-Castillo, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision which dismissed his appeal from an order by an Immigration Judge (IJ) removing him from the United States to Mexico. Chavez-Castillo argues that the evidence of his alienage should have been suppressed because it was obtained in violation of his Fourth Amendment rights. He also asserts that he was not afforded due process in his removal proceedings and that

the IJ erred in drawing an adverse inference against him when he invoked his Fifth Amendment right against self incrimination. After due consideration, we deny the petition.

On August 21, 2011 a police officer of Belle Fourche, South Dakota stopped Chavez-Castillo for speeding. Chavez-Castillo failed to produce a valid driver license and claimed that he was a Mexican citizen named Iran Castillo-Gomez. The officer then arrested Chavez-Castillo and charged him with speeding and driving without a valid driver license in violation of South Dakota law. The next day, U.S. Immigration and Customs Enforcement (ICE) interviewed Chavez-Castillo. Chavez-Castillo admitted that his true name was Jeho Chavez-Castillo, he was a Mexican citizen and did not claim lawful status in the United States, and he had purchased two false identification cards with the name Iran Castillo-Gomez. He was turned over to ICE custody, and the Department of Homeland Security (DHS) served him with a notice to appear charging him as an alien present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). State law charges against him for speeding and driving without a valid driver license were dismissed at that time.

In the removal proceedings, Chavez-Castillo moved to suppress all evidence that was obtained as a result of the traffic stop. He submitted an affidavit stating there was no legitimate reason for the officer to stop him because he had been "driving the lawful speed limit." He also argued that he was entitled to confront the immigration officer who prepared Form I-213 which detailed the facts of the traffic stop and stated that he had entered the United States without admission or parole. In response, DHS submitted additional evidence relating to the traffic stop including two traffic tickets, the arresting officer's "affidavit of probable cause for warrantless arrest," and the record of arrest. All of these documents stated that Chavez-Castillo was stopped and ticketed for speeding and driving without a license.

-2-

On August 21, 2012 the parties appeared at a hearing before the IJ to resolve the charge of removability. When Chavez-Castillo was questioned about his place of birth, his attorney objected and advised him to invoke his Fifth Amendment right against self incrimination. The IJ overruled the objection and stated that Chavez-Castillo, not his attorney, must invoke the right. Counsel then advised Chavez-Castillo "to invoke the Fifth Amendment on all questions." When asked about his parent's place of birth, Chavez-Castillo refused to answer, and the IJ declared that it would "take a negative inference from the refusal to answer." Nevertheless, Chavez-Castillo eventually testified that he was pulled over while driving, he provided the officer with false identification, and he had been charged with speeding.

At the close of the hearing, the IJ admitted the notice to appear and the Form I-213 into evidence, denied the motion to suppress, and ordered Chavez-Castillo removed from the country. The IJ found there was no basis to suppress the evidence and determined that Form I-213 provided sufficient evidence of removability. The BIA affirmed, concluding that Chavez-Castillo failed to present sufficient evidence to establish a prima facie case that he was stopped illegally or that the officer egregiously violated his Fourth Amendment rights. The BIA also concluded that the lack of opportunity to cross examine the immigration officer who prepared Form I-213 did not deny Chavez-Castillo due process. Further, because Form I-213 independently established Chavez-Castillo's removability, the BIA did not reach his additional argument that the IJ violated his Fifth Amendment right against self incrimination.

Chavez-Castillo now petitions for review of the BIA's decision dismissing his appeal. As before the BIA, he argues that the evidence against him should have been suppressed because the traffic stop preceding his detention violated the Fourth Amendment. He also argues that he was not afforded due process of law in the removal proceedings because hearsay evidence was admitted against him and he did

not have an opportunity to cross examine the immigration officer who prepared Form I-213. He finally argues that the IJ improperly drew an adverse inference against him when he invoked his Fifth Amendment right against self incrimination.

The BIA's decision is reviewed "as the final agency action" but we also consider the findings and reasoning of the IJ if they have been adopted by the board. Diaz-Perez v. Holder, 750 F.3d 961, 963–64 (8th Cir. 2014). We review conclusions of law de novo, according substantial deference to the agency's interpretation of immigration statutes and regulations. Sanchez-Velasco v. Holder, 593 F.3d 733, 735 (8th Cir. 2010). The administrative findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Chen v. Mukasey, 510 F.3d 797, 800 (8th Cir. 2007) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Chavez-Castillo asserts that the information contained within Form I-213 must be suppressed because the traffic stop preceding his arrest violated his Fourth Amendment rights. Without Form I-213 he contends the government cannot meet its burden of proving his removability, and his removal proceedings should therefore be terminated. The exclusionary rule generally does not apply in deportation proceedings because the cost of excluding probative evidence outweighs the social benefits. INS v. Lopez-Mendoza, 468 U.S. 1032, 1040–50 (1984). Nevertheless, the Supreme Court has indicated that "egregious violations of the Fourth Amendment . . . that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained" may require use of the exclusionary rule. Id. at 1050–51.

We have not had occasion to decide whether an egregious violation of the Fourth Amendment would compel exclusion in a removal proceeding. Carcamo v. Holder, 713 F.3d 916, 922 (8th Cir. 2013). Nor have we attempted to provide an exhaustive list of conduct that would be considered an egregious violation of the Fourth Amendment. Id. Instead, we look to the totality of circumstances. Id. at 923.

-4-

Under this standard, we have enumerated examples of egregious violations of the Fourth Amendment including "an unreasonable show or use of force in arresting and detaining, a decision to arrest and detain based on race or appearance, or the invasion of private property and detention of individuals with no articulable suspicion whatsoever." Lopez-Fernandez v. Holder, 735 F.3d 1043, 1047 (8th Cir. 2013).

Chavez-Castillo argues that the arresting officer committed an egregious violation of his Fourth Amendment rights by stopping him solely because of his race. The record does not support this argument, however. Unlike the allegation in his brief that "the only real basis for the stop was [the] officer looking at [his] appearance and suspecting him to be illegal," his own affidavit does not state that he was stopped because of his race. See Carcamo, 713 F.3d at 923. Nor does any other evidence indicate that he was stopped for that reason. Cf. Gonzales-Rivera v. INS, 22 F.3d 1441, 1446 (9th Cir. 1994). Moreover, the evidence indicates that the officer did have probable cause to stop Chavez-Castillo for speeding. See Lopez-Gabriel, 653 F.3d 683, 686–67 (8th Cir. 2011). The officer's "affidavit of probable cause for warrantless arrest" asserts that he observed Chavez-Castillo traveling nine miles per hour above the speed limit. The record of arrest similarly indicates that he was ticketed and charged for speeding and driving without a valid driver license in violation of South Dakota law. Form I-213 reflects those charges as well. Although the charges were eventually dismissed after ICE assumed custody over Chavez-Castillo, this fact alone does not discredit the evidence that he had been speeding prior to the stop. On the record before us, we are unable to conclude that the officer violated Chavez-Castillo's Fourth Amendment rights by stopping him.

Chavez-Castillo also contends that the IJ deprived him of due process by relying on inadmissible hearsay evidence such as the officer's affidavit and by limiting his opportunity to cross examine the immigration officer who prepared his Form I-213. We have consistently stated that the federal rules of evidence do not apply in immigration proceedings, e.g., Kim v. Holder, 560 F.3d 833, 836 (8th Cir.

2009), and the sole test for the admissibility of evidence in removal proceedings is "whether the evidence is probative and its admission is fundamentally fair," Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004). The officer's affidavit and Form I-213 were probative as they contradicted Chavez-Castillo's assertion that he was stopped because of his race. See Solis v. Mukasey, 515 F.3d 832, 836 (8th Cir. 2008). Both documents were also "presumptively reliable" and thus "fundamentally fair" because they were produced by "public officials during the ordinary course of their duties." Kim, 560 F.3d at 836. Furthermore, aside from Chavez-Castillo's self serving statements in his affidavit, he presents no evidence controverting the accuracy of the officer's affidavit or Form I-213. Cf. Murphy v. INS, 54 F.3d 605, 610 (8th Cir. 1995). Nor has he shown that he was "actually prejudiced" by any limitation on his ability to cross examine the immigration officer who prepared Form I-213. Briones-Sanchez v. Heinauer, 319 F.3d 324, 327–28 (8th Cir. 2003). We therefore conclude that the IJ did not violate Chavez-Castillo's due process rights by admitting the officer's affidavit or by limiting his ability to cross examine the officer who prepared Form I-213. See Kim, 560 F.3d at 836.

Chavez-Castillo finally argues that the IJ improperly drew an adverse inference against him when he invoked his Fifth Amendment right against self incrimination. He also claims that the IJ erred by "compelling" him to testify against his Fifth Amendment rights. We need not reach these constitutional questions because they are not necessary to resolving this case. See Carcamo, 713 F.3d at 922 n.5. Even if the IJ had drawn an adverse inference against Chavez-Castillo or compelled him to testify against his Fifth Amendment rights, Form I-213 independently established his removability.

For the foregoing reasons, we deny the petition for review.

_____

-6-