**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1556
_____

AHMAD REZA SHAYESTEH,
a/k/a BEHROOZ KAREEM BEHNEZHAD,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A022-718-461)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: September 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Ahmad Reza Shayesteh petitions for review of a final order of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

removal issued by the Board of Immigration Appeals (BIA). For the reasons detailed below, we will deny the petition for review.

According to the Government, Shayesteh is a citizen of Iran who entered the United States in 1978 as a non-immigrant student and later adjusted his status to lawful permanent resident. The Government further contends that, in 1988, Shayesteh was convicted in the District of Arizona, under the alias Behrooz Benazad, of mail fraud in violation of 18 U.S.C. § 1341. Shayesteh, meanwhile, claims that he was born in Houston, Texas, is a United States citizen, has never heard the name "Behrooz Benazad," and has not been convicted of mail fraud.

It is undisputed, however, that in 1997, Shayesteh was convicted in the District of Utah of possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and sentenced to 262 months' imprisonment. The Department of Homeland Security then charged Shayesteh with being removable as an alien who had been convicted of two or more crimes involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(B)(i), an aggravated felony, see § 1227(a)(2)(A)(iii), and a controlled-substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i).

Before an Immigration Judge (IJ), Shayesteh acknowledged that the controlled-substance offense would render an alien removable, but claimed that he was a United States citizen. The Government challenged Shayesteh's claim of citizenship; in support

2

of its position, the Government produced, among other things, I-213 forms[1] from 1988 and 2013 in which agents concluded that (i) Shayesteh was a citizen of Iran, and (ii) the fingerprints of the individual identifying himself as Benazad in 1988 matched the fingerprints of the man named Shayesteh who had registered as a lawful permanent resident; documents from both the mail-fraud and controlled-substance cases that identified the defendant as a citizen of Iran;[2] documents that Shayesteh filed in civil cases in which he claimed to be a citizen of Iran; fingerprint cards and FBI analyses of those cards, in which the examiner determined that Shayesteh's recently obtained fingerprints matched those of the individual who had identified himself as Benazad; and an affidavit from Officer Gingrich stating that, at his request, the offices of vital records for both Houston and Texas had searched for a birth certificate for Shayesteh but had been unable to find one. Shayesteh zealously represented himself, and submitted an affidavit and testified in support of his claim of citizenship. He did not provide any documentary evidence, but challenged the Government's evidence as inadmissible and unreliable.

The IJ ruled against Shayesteh, finding that he was a citizen of Iran and consequently removable due to his mail-fraud and controlled-substance convictions.

---

[1] "An I–213 form documents the arrest of an alien unlawfully present in the United States. In addition to the circumstances of the arrest, the form contains the name, alien number, address, date of birth, photograph, fingerprints, criminal and immigration history, and other information about the arrestee." Union Leader Corp. v. U.S. Dep't of Homeland Sec., 749 F.3d 45, 49 n.2 (1st Cir. 2014).

[2] The documents also show that the District Court enhanced Shayesteh's sentence for his controlled-substance conviction based on a finding that he had committed perjury.

Shayesteh appealed to the BIA, arguing both that the IJ's ultimate conclusion was erroneous and that the IJ violated his due process rights in a variety of ways. The BIA agreed with the IJ's analysis of the case and dismissed the appeal. Shayesteh then filed a timely petition for review to this Court.

We generally have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. While 8 U.S.C. § 1252(a)(2)(C) limits our jurisdiction over removal orders entered against aliens who have committed controlled-substance offenses or aggravated felonies,[3] we retain jurisdiction to consider Shayesteh's due process challenges to the proceedings before the IJ, see § 1252(a)(2)(D), and his claim of citizenship, see Papageorgiou v. Gonzales, 413 F.3d 356, 357 (3d Cir. 2005). We review the BIA's denial of Shayesteh's due process claims de novo. See Barker v. Att'y Gen., 792 F.3d 359, 362 (3d Cir. 2015). As to Shayesteh's claim of citizenship, we must determine whether a genuine issue of material fact is presented — if such an issue is not presented, we will decide the nationality claim, and if such an issue is presented, we will transfer the proceedings to the district court for an evidentiary hearing. See 8 U.S.C. § 1252(b)(5); Joseph v. Att'y Gen., 421 F.3d 224, 229-30 (3d Cir. 2005).

Shayesteh contends that the IJ violated his due process rights in a variety of ways. See generally Cabrera–Perez v. Gonzales, 456 F.3d 109, 115 (3d Cir. 2006) (per curiam) (explaining that in immigration cases, the due process protections of the Fifth Amendment guarantee petitioners "the right to a full and fair hearing that allows them a

---

[3] Shayesteh acknowledges that he has been convicted of an aggravated felony.

4

reasonable opportunity to present evidence on their behalf"). He first argues that the IJ improperly placed the initial burden of proving nationality on him. See 8 C.F.R. § 1240.8(c); Woodby v. INS, 385 U.S. 276, 286 (1966). Shayesteh's contention is entirely unsupported by the record. The IJ repeatedly noted during the hearing that the Government bore the burden of proof, see A.R. at 359, 374, 378, 422, 591, 595, and then accurately stated and applied that standard in its opinion, see A.R. at 233-34. Shayesteh's argument to the contrary lacks merit.

Shayesteh also contends that it was improper for the IJ to order him to produce biographical information about his early years. As an initial matter, we are not persuaded by Shayesteh's contention that the IJ asked him to provide this information in an effort to elicit an inconsistency. Rather, it appears to us that the IJ merely sought to ensure that Shayesteh, who was proceeding pro se, presented whatever evidence he could in support of his cause. This reading is supported by the IJ's opinion, in which the IJ turned to the information from Shayesteh only after concluding that the Government had met its initial burden. In any event, to make out a due process violation, Shayesteh must establish that he was prejudiced, see Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006), and because the information he presented was not used against him, he cannot make that showing.

Shayesteh also argues that the IJ erred by conducting independent research on Westlaw, which disclosed two civil actions that Shayesteh had previously filed (and in which he admitted being a citizen of Iran). This claim likewise lacks merit. "Unlike an

5

Article III judge, an IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record." Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006). Thus, we have recognized that an IJ may introduce evidence into the record. Caushi v. Att'y Gen., 436 F.3d 220, 231 (3d Cir. 2006). Here, the IJ did not even take that step — the IJ merely called two judicial decisions to the parties' attention and asked them to address the decisions at a future hearing. See Constanza-Martinez v. Holder, 739 F.3d 1100, 1103 (8th Cir. 2014). The IJ did not violate Shayesteh's due process rights in this respect. See generally McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) ("a court may take judicial notice of a prior judicial opinion").

Shayesteh next argues that his due process rights were violated by the introduction of the Government's evidence, which he characterizes as "completely lacking authenticity, provenance and competence." Br. at 18. We have explained that, in immigration proceedings, "[e]xclusion of evidence is exceptional," and "evidence is admissible if it is probative and its use is fundamentally fair so as not to deprive the alien of due process." Fei Yan Zhu v. Att'y Gen., 744 F.3d 268, 273 (3d Cir. 2014).

Shayesteh challenges two categories of evidence. First, he contends that the IJ should have excluded records from other federal-court cases, including the two civil cases he instituted, the criminal case in the District of Arizona concerning "Behrooz Benazad," and the criminal case in the District of Utah. This argument lacks merit. The records that the Government presented were either certified by the clerk of the court or obtained by the Government from the electronic filing system, and Shayesteh has

6

provided no basis to question the documents' accuracy. See In re Velasquez, 25 I. & N. Dec. 680, 685 (BIA 2012). Indeed, in his hearing, he admitted to making the relevant statements contained in those documents. Thus, the introduction of these records was not problematic.

Shayesteh also argues that the documents prepared by Government officials — such as the I-213 forms and the reports from the FBI —should have been excluded. This argument fares no better. Courts have long recognized that "agency action is entitled to a presumption of regularity," Bradley v. Att'y Gen., 603 F.3d 235, 239 (3d Cir. 2010) (alteration omitted) (quoting McLeod v. INS, 802 F.2d 89, 95 (3d Cir. 1986)), and, consequently, that "records made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability," Felzcerek v. INS, 75 F.3d 112, 116 (2d Cir. 1996); see Vlisidis v. Holland, 245 F.2d 812, 814 (3d Cir. 1957). The I-213s and FBI documents fall squarely within this purview. See, e.g., Antia-Perea v. Holder, 768 F.3d 647, 657 (7th Cir. 2014) ("[I]t is well established that the I-213 is a presumptively reliable and admissible document."); Chavez-Castillo v. Holder, 771 F.3d 1081, 1085 (8th Cir. 2014) (affidavit from law-enforcement officer is presumptively reliable). The Government says that the records came either from Shayesteh's A-File or directly from an FBI agent, and Shayesteh has provided no basis to question those explanations. See Fei Yan Zhu, 744 F.3d at 274. Accordingly, we likewise deny this due process challenge.

Finally, Shayesteh argues that the Government failed to establish his alienage. We are not persuaded. First, the Government presented an I-213 from 1988 reporting that (a)

Shayesteh had been arrested and claimed to be Behrooz Benazad, an alien from Iran, and (b) a fingerprint examination revealed that "Benazad" was Shayesteh, who was identified in INS files as a lawful permanent resident. Second, the Government provided an FBI fingerprint analysis matching Shayesteh's fingerprints as taken in 2013 with the fingerprints from the so-called Benazad. Finally, the Government presented numerous records of other proceedings — both criminal and civil — in which Shayesteh admitted to being a citizen of Iran. This evidence was unquestionably sufficient to establish Shayesteh's alienage. See, e.g., Antia-Perea, 768 F.3d at 659; Lopez-Chavez v. INS, 259 F.3d 1176, 1181 (9th Cir. 2001). Meanwhile, Shayesteh has provided only his own unsupported allegations, which are not sufficient to create a material dispute of fact.[4] See Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002); Chavez-Castillo, 771 F.3d at 1085

Accordingly, we will deny the petition for review.

---

[4] Further, a Government witness testified about his unsuccessful efforts to corroborate Shayesteh's claims. Most critically, while Shayesteh claimed to have been born in Houston, Texas, the offices of vital records searched in vain for a copy of a birth certificate documenting his birth. We note that the agency also determined that Shayesteh did not testify credibly. We need not reach that aspect of its decision given that the independent grounds discussed above are sufficient to deny the petition for review. See generally Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011).