# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2443

_____

Petr Spacek,

                Petitioner,

      v.

Eric H. Holder, Jr.,

                Respondent.

\* Petition for Review of
\* an Order of the Board
\* of Immigration Appeals.

_____

Submitted: March 13, 2012
Filed: July 31, 2012

_____

Before MURPHY and GRUENDER, Circuit Judges, and ROSS,[1] District Judge

_____

GRUENDER, Circuit Judge.

      Petr Spacek seeks review of a Board of Immigration Appeals order finding him ineligible for cancellation of removal and ineligible to apply for a waiver of inadmissibility. We deny the petition for review.

---

      [1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, sitting by designation.

## I.   BACKGROUND

Spacek was born in Czechoslovakia.  He entered the United States as a refugee on July 18, 1984 and was lawfully admitted as a permanent resident pursuant to the Refugee Act of 1980 on October 18, 1985.  Spacek was convicted of felony theft in Minnesota in 1987, of simple assault in North Dakota in 1995, and of racketeering in North Dakota in 2010.

After learning of Spacek's 2010 conviction, the Department of Homeland Security ("DHS") initiated removal proceedings.  At a hearing before an immigration judge ("IJ"), Spacek conceded removability, applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a), and applied for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h).  The IJ found Spacek eligible for both of these forms of relief, exercised his discretion to deny Spacek a waiver of inadmissibility, and granted Spacek cancellation of removal.

DHS appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"), and Spacek cross-appealed the denial of a waiver of inadmissibility.  The BIA held Spacek to be ineligible for cancellation of removal under § 1229b(a) because it found that he had been convicted of an aggravated felony, his 2010 racketeering conviction.  It also held him to be ineligible for a § 1182(h) waiver because it found that he had been convicted of an aggravated felony after being "admitted" to the United States as an "alien lawfully admitted for permanent residence."  Spacek petitions for review of the BIA's decision on two grounds.  First, he argues that his racketeering conviction was not an aggravated felony and that he was therefore eligible for cancellation of removal.  Second, he argues that, even if his racketeering conviction was an aggravated felony, he would still be eligible for a waiver of inadmissibility because he was not "admitted" to the United States as "an alien lawfully admitted for permanent residence" before the conviction.

## II.    DISCUSSION

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." *Davila-Mejia v. Mukasey*, 531 F.3d 624, 627 (8th Cir. 2008). We review the BIA's legal determinations *de novo*, but we accord "substantial deference to the BIA's interpretation of the statutes and regulations it administers." *Id.*

### A.    Cancellation of Removal

Section 1229b(a) authorizes the Attorney General to cancel removal of certain aliens provided that they have "not been convicted of any aggravated felony." § 1229b(a)(3). An "aggravated felony" is defined as including "an offense described in section 1962 of title 18, United States Code," which prohibits racketeering activity affecting interstate or foreign commerce. 8 U.S.C. § 1101(a)(43)(J). The BIA held Spacek's North Dakota racketeering conviction to be an aggravated felony under § 1101(a)(43)(J). Spacek contends that the conviction is not "an offense described in" 18 U.S.C. § 1962 because neither the North Dakota racketeering statute nor the actions for which he was convicted included an interstate or foreign commerce element as does § 1962. *See* N.D. Cent. Code 12.1-06.1-03.

We are not the first court to address whether a state offense is required to have a jurisdictional nexus equivalent to its federal counterpart to be "described" by a federal statute for purposes of § 1101(a)(43). The Ninth Circuit has held that a California felon-in-possession-of-a-firearm statute qualifies as an aggravated felony for § 1101(a)(43) purposes because the interstate commerce element of its federal counterpart "is merely a jurisdictional basis not essential to whether the state crime is an aggravated felony." *United States v. Castillo-Rivera*, 244 F.3d 1020, 1023 (9th Cir. 2001) (quoting *United States v. Sandoval-Barajas*, 206 F.3d 853, 856 (9th Cir.

2000)). "The wording of 8 U.S.C. § 1101(a)(43) makes evident that Congress clearly intended state crimes to serve as predicate offenses for the purpose of defining what constitutes an aggravated felony," and

> [i]nterpreting the jurisdictional element . . . to be necessary in order for a state [offense] to constitute an aggravated felony . . . would reduce the number of state [offenses] that qualify to no more than a negligible number. . . . If we were to construe the jurisdictional nexus of the federal . . . provision to be a necessary element for a state crime to qualify as an aggravated felony, we would undermine the language of the aggravated felony statute and the evident intent of Congress.

*Id.* at 1023-24. The BIA has adopted the Ninth Circuit's reasoning, *see In re Vasquez-Muniz*, 23 I. & N. Dec. 207, 209-12 (BIA 2002) (en banc), as have the Fifth and Seventh Circuits, *see Nieto Hernandez v. Holder*, 592 F.3d 681, 684-86 (5th Cir. 2009); *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497, 500-03 (7th Cir. 2008). We agree with our sister circuits and the BIA.

"The requirement of an interstate nexus arises from constitutional limitations on congressional power over intrastate activities under the Commerce Clause. Its inclusion in criminal and civil statutes is most often solely for the purpose of conferring federal jurisdiction rather than of defining substantive elements of an offense." *United States v. Bryant*, 766 F.2d 370, 375 (8th Cir. 1985). Section 1101(a)(43)(J) requires only "an offense *described in* section 1962 of title 18" (emphasis added), while Congress used the more restrictive construction "as *defined in*" elsewhere in the statute, *see* 8 U.S.C. § 1101(a)(43)(B), (C), (F) (emphasis added). *See Nieto Hernandez*, 592 F.3d at 685-86. Additionally, the penultimate sentence of § 1101(a)(43) states that the term aggravated felony "applies to an offense described in this paragraph whether in violation of Federal or State law," while few if any state criminal provisions include a jurisdictional nexus of the sort found in 18 U.S.C. § 1962. *See id.* Our presumption that interstate commerce nexuses are jurisdictional and not substantive elements of federal criminal statutes, *see Bryant*,

-4-

766 F.2d at 375, the "described in" language, and our interpretive duty to give effect to the "State law" verbiage in the penultimate sentence all militate against Spacek's reading of § 1101(a)(43)(J) to require a state racketeering offense to have an interstate or foreign commerce element to qualify as an aggravated felony. We agree with the BIA that Spacek's racketeering conviction was an aggravated felony and that he was therefore ineligible for cancellation of removal under § 1229b(a).

## B.    Waiver of Inadmissibility

Under 8 U.S.C. § 1182(h), the Attorney General may waive inadmissibility for aliens who meet certain requirements. He may not, however, grant a waiver "in the case of an alien who has previously been *admitted* to the United States as an alien *lawfully admitted for permanent residence* if . . . since the date of such admission the alien has been convicted of an aggravated felony." *Id.* (emphasis added). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20).

Spacek contends that, because at the time he first "lawfully entered" the United States he was not "lawfully admitted for permanent residence," his subsequent aggravated felony does not disqualify him from seeking a § 1182(h) waiver. He argues that any other reading of the statute would not give effect to the statute's repetition of the word "admitted." The Fourth, Fifth, Ninth, and Eleventh Circuits have endorsed this reading of the statute. *See Bracamontes v. Holder*, 675 F.3d 380, 386-87 (4th Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1366-67 (11th Cir. 2011); *Hing Sum v. Holder*, 602 F.3d 1092, 1097 (9th Cir. 2010); *Martinez v. Mukasey*, 519 F.3d 532, 546 (5th Cir. 2008) ("Accordingly, we hold: for aliens who

adjust post entry to [legal permanent resident] status, [§ 1182(h)'s] plain language demonstrates unambiguously Congress' intent *not* to bar them from *seeking* a waiver of inadmissibility.").

We need not decide this question, however, because even under Spacek's preferred reading of § 1182(h) he still would be ineligible for a waiver. Unlike the aliens in the cases from our sister circuits, Spacek adjusted his status after his arrival pursuant to the Refugee Act, 8 U.S.C. § 1159. Section 1159(a)(1) provides, *inter alia*, that those adjusting their status under § 1159 "shall . . . return . . . to the custody of the Department of Homeland Security for inspection and examination for *admission* to the United States" (emphasis added). Section 1159(a)(1) incorporates the same definitions as § 1182(h), so "admission" under the former is equivalent to "admission" under the latter. Because Spacek was "lawfully admitted for permanent residence" at the time of his "admission" under § 1159(a)(1), his subsequent aggravated felony disqualifies him from seeking a § 1182(h) waiver of inadmissibility.

## III.    CONCLUSION

For the foregoing reasons, we deny the petition for review of the BIA's order.

_____

-6-