# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3651

_____

Luis Antonio Garcia-Gonzalez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 25, 2013
Filed: December 9, 2013

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Luis Garcia-Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA's") decision that he was ineligible for adjustment of status. For the reasons discussed below, we deny the petition.

Garcia-Gonzalez first entered the United States in 1976. On January 22, 1991, he was granted an adjustment of his immigration status to that of lawful permanent resident ("LPR"). In September 2005, Garcia-Gonzalez was charged as part of a thirty-eight count federal indictment alleging violations of 18 U.S.C. §§ 1961 and 1962 and 21 U.S.C. §§ 841 and 846. On September 1, 2009, Garcia-Gonzalez pled guilty pursuant to a plea agreement to one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d) (the "racketeering conviction") and was sentenced to 30 months' imprisonment. In his written plea agreement, Garcia-Gonzalez "acknowledge[d] . . . that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt": Garcia-Gonzalez was "a member" of the Latin Kings and "a leader within the Northwest Region Latin Kings, centered in northern Illinois, which oversees the activities of all Latin King sets in northern Illinois and southeastern Wisconsin;" and "[t]he Latin Kings are a criminal organization whose members and associates engaged in acts of violence, including murder, attempted murder, robbery, extortion and distribution of controlled substances."

In December 2011, the United States Department of Homeland Security commenced removal proceedings against Garcia-Gonzalez on the basis of his racketeering conviction. Garcia-Gonzalez contested his removability, and his case went before an immigration judge ("IJ"). The IJ concluded that Garcia-Gonzalez's racketeering conviction constituted a conviction for an aggravated felony, rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Garcia-Gonzalez then sought to avoid removal by petitioning for an adjustment of status to that of LPR pursuant to 8 U.S.C. § 1255(a).[1] However, the IJ concluded that Garcia-Gonzalez was not eligible for adjustment of status because he was inadmissible under 8 U.S.C.

---

[1]"A respondent in a removal proceeding who is already a permanent resident of the United States can adjust status; that is, lose the original permanent resident status to a finding of removability but re-obtain permanent resident status if it is available." Richard D. Steel, Steel on Immigration Law § 14:27 at 579 (2013 ed.).

-2-

§ 1182(a) on two grounds: first, he had admitted to committing acts which constitute the essential elements of a violation of federal law relating to a controlled substance; and second, his racketeering conviction constituted a conviction for a crime involving moral turpitude.

Garcia-Gonzalez appealed the IJ's decision to the BIA. The BIA affirmed the IJ's decision and dismissed the appeal. The BIA expressly adopted the IJ's decision and provided further analysis regarding Garcia-Gonzalez's removability and whether his racketeering conviction constituted a conviction for a crime involving moral turpitude. Garcia-Gonzalez timely petitioned this court for review of whether the IJ and the BIA erred in concluding that he is ineligible for adjustment of status.

"We review the BIA's legal determinations *de novo*, but we accord 'substantial deference to the BIA's interpretation of the statutes and regulations it administers.'" *Spacek v. Holder*, 688 F.3d 536, 538 (8th Cir. 2012) (quoting *Davila-Mejia v. Mukasey*, 531 F.3d 624, 627 (8th Cir. 2008)). We will not disturb the BIA's findings of fact unless they are unsupported by substantial evidence. *Kirong v. Mukasey*, 529 F.3d 800, 803 (8th Cir. 2008). While we ordinarily review only the BIA's decision, when—as here—"the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." *Spacek*, 688 F.3d at 538 (quoting *Davila-Mejia*, 531 F.3d at 627).

Garcia-Gonzalez concedes that his racketeering conviction under 8 U.S.C. § 1962 qualifies as a conviction for an aggravated felony that renders him removable. *See* 8 U.S.C. §§ 1101(a)(43)(J) and 1227(a)(2)(A)(iii). However, he seeks to avoid removal by petitioning for adjustment of status to that of LPR. An alien may seek adjustment of status only if he "is admissible to the United States for permanent residence." 8 U.S.C. § 1255(a); *see also Kirong*, 529 F.3d at 803. An alien seeking adjustment of status must "prove clearly and beyond doubt that he [is] admissible." *Kirong*, 529 F.3d at 804. An alien is inadmissible if he "admits committing acts

which constitute the essential elements of . . . a violation of . . . any law or regulation of . . . the United States . . . relating to a controlled substance (as defined in section 802 of Title 21)," or if he was "convicted of . . . a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i).

The IJ and the BIA did not err in concluding that Garcia-Gonzalez is inadmissible because substantial evidence supports the finding that he has admitted to committing acts which constitute the essential elements of a violation of 21 U.S.C. § 846, a law of the United States relating to controlled substances.[2] "The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are '(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy.'" *United States v. Keys*, 721 F.3d 512, 519 (8th Cir. 2013) (quoting *United States v. Jimenez*, 487 F.3d 1140, 1146 (8th Cir. 2007)). By agreeing in his plea agreement that the Government could have proved the factual basis for his racketeering conviction beyond a reasonable doubt, Garcia-Gonzalez admitted to each of the elements of a violation of § 846. He described the Latin Kings as a "criminal organization" engaged in "distribution of controlled substances." He described himself as "a member" of the Latin Kings and as "a leader within the Northwest Region Latin Kings." He stated that "he conspired with other Latin King gang members to commit" criminal acts. These admissions establish that there was a conspiracy to distribute controlled substances, that Garcia-Gonzalez knew of the conspiracy, and that he intentionally joined the conspiracy. Therefore, Garcia-

---

[2]The IJ, the BIA, and both parties' briefs extensively considered whether Garcia-Gonzalez's racketeering conviction constitutes a conviction for a crime involving moral turpitude. We do not reach that issue because our conclusion that substantial evidence supports the finding that Garcia-Gonzalez has admitted to committing the essential elements of a violation of 21 U.S.C. § 846 fully disposes of this case.

Gonzalez is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i), and the IJ and the BIA did not err in concluding that he is ineligible for adjustment of status.[3]

      We deny Garcia-Gonzalez's petition for review.

_____

---

[3]Garcia-Gonzalez also argues that the IJ and the BIA erred in declining to conduct an evidentiary hearing regarding his eligibility for adjustment of status. Garcia-Gonzalez did not raise this issue in his appeal to the BIA. We lack jurisdiction to "consider[] an issue unless the petitioner 'has exhausted all administrative remedies available . . . as of right.'" *Martinez Carcamo v. Holder*, 713 F.3d 916, 925 (8th Cir. 2013) (ellipses in original) (quoting 8 U.S.C. § 1252(d)(1)). An alien "'has not exhausted administrative remedies with respect to' a particular issue if he 'fails to raise [it] when he appeals to the Board.'" *Id.* (quoting *Ateka v. Ashcroft*, 384 F.3d 954, 957 (8th Cir. 2004)). An alien has not adequately raised an issue before the BIA if he does not address it in his briefing before the BIA. *Id.* Here, Garcia-Gonzalez did not argue to the BIA that the IJ should have held an evidentiary hearing, and therefore we cannot consider the issue.