# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1643

_____

Jane Waitherero Downs

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 12, 2014
Filed: July 14, 2014

_____

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Jane Waitherero Downs petitions for review of a decision of the Board of Immigration Appeals (BIA), which dismissed her appeal from an Immigration Judge's (IJ) order. The IJ concluded Downs was removable and denied, as relief from removal, Downs's petition for adjustment of status. Downs asks the court to remand for a new removal hearing, contending the IJ erred in denying her motion to suppress

certain records, which she argues were obtained and admitted in the removal proceeding in violation of her statutory rights. We deny the petition for review.

I

Jane Waitherero Downs, born Jane Waitherero Itota, is a national and citizen of Kenya. She was admitted to the United States in 2002 as a non-immigrant student to study at Wichita State University in Kansas. While pursuing her studies, Downs became aware of available employment at a nursing home. As the position required completion of a course of study as a nursing assistant, Downs twice applied to take a nursing assistant course offered through Hutchison Community College (HCC). On each application, Downs marked a box indicating she was a United States citizen. After completing the course, Downs began working at the nursing home. On two I-9 employment eligibility verification forms she later filled out, Downs checked boxes indicating she was a citizen or national of the United States.

In early 2006, Downs married a U.S. citizen. Shortly after marrying, Downs's husband filed a family-based visa petition on Downs's behalf. Downs simultaneously filed a petition to adjust her status to lawful permanent resident. Downs's application included a provision she signed giving her consent for the release of "any information from [her] records" needed to determine her eligibility for adjustment of status. Pet'r's Br. 9.

In January 2008, a United States Citizenship and Immigration Services (USCIS) officer interviewed Downs in regard to her petition to adjust status. Prior to the interview, the USCIS officer used the document release consent provision Downs had signed to obtain Downs's HCC applications and other education records.

During the interview, the USCIS officer confronted Downs with her indication on the applications that she was a United States citizen. Downs admitted she had

indicated she was a United States citizen on the applications. As a result, USCIS denied her application to adjust status and commenced removal proceedings against Downs before an IJ. USCIS alleged Downs was removable for having worked in violation of the conditions of her non-immigrant status and for having falsely claimed United States citizenship to obtain a benefit under state or federal law. Downs conceded she was removable for having worked in violation of the conditions of her non-immigrant status, but contested the allegations she had falsely claimed United States citizenship.[1] Downs also applied for relief from removal by again seeking adjustment of status.

In the proceedings before the IJ, Downs moved to suppress her HCC applications and I-9 forms. The IJ denied the motion and, ultimately, found Downs had falsely claimed United States citizenship, which rendered her removable and ineligible to adjust her status. Downs appealed. The BIA denied the appeal, adopting the IJ's findings of fact and most of the IJ's reasoning. Downs petitions this court for review, challenging the IJ's denial of her motion to suppress.

II

We review the BIA opinion, which includes the IJ's decision to the extent adopted by the BIA, as the final agency decision. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005) (citing Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005)). In removal actions, we review issues of law de novo. Garcia-Torres v. Holder, 660 F.3d 333, 335 (8th Cir. 2011).

---

[1]Downs's concession she is removable does not moot the case. A finding Downs falsely claimed citizenship carries with it a permanent bar on reentry into the United States, whereas Downs's admission she worked in violation of the terms of her non-immigrant status does not. See 8 U.S.C. § 1182(a)(6)(C)(ii).

III

On review, Downs asks the court to remand the case for new removal proceedings, arguing the IJ erred by denying her motion to suppress her I-9 forms and her HCC applications.[2] Downs contends the use of her I-9 forms in the removal proceedings violated section 274A of the Immigration and Nationality Act (INA), and the USCIS officer obtaining her educational records violated her rights under the Federal Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

A.    INA violation.

Downs first contends exclusion of her I-9 forms was required by INA § 274A(b)(5), codified as 8 U.S.C. § 1324a(b)(5). She contends the plain meaning of the text of INA § 274A(b)(5) prohibits the use of an I-9 form in a removal proceeding. We disagree. In pertinent part, INA § 274A(b)(5) states as follows[3]:

> A form designated or established by the Attorney General under this subsection . . . may not be used for purposes other than for enforcement of this Act and sections 1001, 1028, 1546, and 1621 of Title 18.

---

[2]Downs also raises new arguments that the IJ improperly took judicial notice that HCC is a public school, and conflated the burdens of proof. Downs did not raise those issues before the BIA and has failed to administratively exhaust them. Accordingly, we do not have jurisdiction to consider those issues. Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006).

[3]There is a discrepancy in the published versions of the text of this provision. Some versions indicate INA § 274A(b)(5) sets forth that an I-9 "may not be used for purposes other than for enforcement of this *chapter*[.]" (Emphasis added). The original text of the Immigration Reform and Control Act of 1986 (IRCA), which added this provision to the INA, uses the term "Act." This discrepancy does not affect our analysis.

-4-

The parties agree INA § 274A(b)(5) refers to the I-9 employment eligibility verification form. The issue in this case is whether "enforcement of this Act" refers to enforcement of the INA or, as Downs contends, enforcement of the Immigration Reform and Control Act of 1986 (IRCA), which amended the INA to include § 274A(b)(5). As § 274A(b)(5) is a section of the INA, the plain and unambiguous meaning of the reference to "this Act" is to the INA. We find nothing in the INA or the IRCA to support Downs's contention that the reference to "this Act" in INA § 274A(b)(5) is to the IRCA.

Downs argues our interpretation of "this Act" in INA § 274A(b)(5) as a reference to the INA is contradicted by the legislative history of the IRCA. Although the legislative history of the IRCA is informative, it does not override the plain meaning of the unambiguous text of the INA. "Congress's authoritative statement is the statutory text, not the legislative history." Chamber of Commerce of U.S. v. Whiting, 131 S. Ct. 1968, 1980 (2011) (internal quotation marks and citation omitted).

Downs next argues the development of Supreme Court precedent has confined the use of I-9 forms to criminal proceedings. Downs relies on portions of two Supreme Court cases, Arizona v. United States, 132 S. Ct. 2492, 2504 (2012),[4] and Whiting, 131 S. Ct. at 1974,[5] which refer to limits on the use I-9 forms. However,

---

[4]"Congress has made clear, however, that any information employees submit to indicate their work status 'may not be used' for purposes other than prosecution under specified federal criminal statutes for fraud, perjury, and related conduct. See 8 U.S.C. §§ 1324a(b)(5), (d)(2)(F)-(G)."

Arizona, 132 S. Ct. at 2504.

[5]"The form I-9 itself 'and any information contained in or appended to [it] . . . may not be used for purposes other than for enforcement of' IRCA and other specified provisions of federal law. § 1324a(b)(5)."

Whiting, 131 S. Ct. at 1974.

Arizona and Whiting were cases concerning federal preemption of state statutes and the use of an I-9 form in a removal proceeding was not an issue raised in either case. As such, the decisions do not constitute binding precedent on this issue which would overrule the plain meaning of the text of INA § 274A(b)(5). See Webster v. Fall, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The remaining question is whether a removal proceeding regarding a false claim to United States citizenship is a proceeding to enforce the INA. It is clear this is the case. Removal proceedings and the provision prohibiting falsely claiming United States citizenship are both contained in the INA. See INA §§ 237(a)(3)(D) (false claims of citizenship), 240 (removal proceedings). Accordingly, INA § 274A(b)(5) allows the admission of I-9 forms into evidence in removal proceedings.

B. FERPA violation.

Downs next contends the use of her HCC applications violated her rights under the FERPA. The government argues the FERPA does not confer private rights against the disclosure of educational records and, as such, Downs has no right to assert. We need not address whether the FERPA confers such rights here. There is a threshold issue which disposes of Down's FERPA-based argument, namely whether a violation of a statute such as the FERPA would warrant application of the judicially-created exclusionary rule in removal proceedings.

In criminal cases, "[t]he primary justification for the exclusionary rule . . . is the deterrence of police conduct that violates Fourth Amendment rights." Stone v. Powell, 428 U.S. 465, 486 (1976). Indeed, the Supreme Court noted it has primarily applied the exclusionary rule to deter constitutional violations and only suppressed evidence arising from a statutory violation when the violation implicated Fourth or

Fifth Amendment interests. Sanchez-Llamas v. Oregon, 548 U.S. 331, 348 (2006). We have cautioned courts in criminal cases to be wary of extending the exclusionary rule to violations not of constitutional magnitude. See United States v. Hornbeck, 118 F.3d 615, 618 (8th Cir. 1997).

Courts should be even more wary of extending the exclusionary rule to mere statutory violations in the civil removal context. The Supreme Court has held the exclusionary rule to generally be unavailable in removal proceedings, reasoning "the likely costs of excluding probative evidence outweigh the likely social benefits." Puc-Ruiz v. Holder, 629 F.3d 771, 777 (8th Cir. 2010) (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-42 (1984)). Indeed, we have opined that "[i]f . . . exclusion is ever appropriate in the civil context of a removal proceeding, it should be granted only because of an egregious or widespread Fourth Amendment violation." Martinez Carcamo v. Holder, 713 F.3d 916, 922 (8th Cir. 2013) (internal quotation marks and citations omitted); see also Lopez-Mendoza, 468 U.S. at 1050-51 (limiting the general unavailability of the exclusionary rule in removal proceedings to cases not involving "egregious violations of the Fourth Amendment or other liberties transgressing the fundamental fairness of the removal proceedings or affecting the probative value of the evidence obtained.").

Mindful of these principles, we conclude that, absent an egregious violation of the Fourth Amendment or other liberty which transgresses the fundamental fairness of the removal proceedings or affects the probative value of the evidence obtained, the exclusionary rule is not available in the removal context to remedy a mere statutory violation of the FERPA. Downs has not asserted a violation of any constitutional right which would affect the fairness of the removal proceedings or the probative value of her HCC applications. Accordingly, assuming for the sake of argument Downs had statutory rights which were violated under the FERPA, the exclusionary rule would not be available in the proceedings below to remedy the alleged violation.

-7-

IV

The petition for review is denied.

_____