# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3397

_____

Humphrey Ezekiel Etenyi

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 9, 2015
Filed: August 21, 2015

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Humphrey Ezekiel Etenyi, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an order of removal. Because substantial evidence supports the BIA's finding that Etenyi falsely claimed citizenship on a Form I-9, we deny his petition.

Etenyi came to the United States on a student visa in 2006.  After he graduated in 2011, he remained in the country and married a United States citizen.  Soon after they married, Etenyi's wife submitted a petition for an immediate-relative visa on Etenyi's behalf.  Etenyi concurrently filed an application to adjust his status to that of a lawful permanent resident.  *See* 8 U.S.C. § 1255(a).  The Department of Homeland Security ("DHS") denied Etenyi's application.  DHS stated that Etenyi's status could not be adjusted because he had falsely claimed that he was a United States citizen on a Form I-9 when he applied for a job in 2009.[1]

DHS sent Etenyi a notice to appear alleging that he was removable because of this false citizenship claim, *see* 8 U.S.C. § 1227(a)(3)(D), and because he violated the conditions of his non-immigrant status by remaining in the United States after completing his studies, *see* 8 U.S.C. § 1227(a)(1)(C)(i).  At a hearing before an immigration judge ("IJ"), Etenyi admitted that he did not comply with the student visa.[2]  However, he denied that he had falsely claimed citizenship on the Form I-9.  Etenyi instead contended that the form had been pre-populated with his personal information.  Although he confirmed that his name, address, social security number, and date of birth were correct, he claimed that he did not notice the checked box asserting, under penalty of perjury, that he was a "citizen of the United States."  The IJ considered the signed Form I-9, Etenyi's testimony, Etenyi's social security card that stated DHS authorization was required before Etenyi could work, and evidence of Etenyi's efforts to ensure that his social security card was accurate.  Ultimately, the IJ concluded that Etenyi's testimony was not credible.  Because Etenyi had falsely

---

[1]The Form I-9, also known as the Employment Eligibility Verification Form, attests to an individual's authorization to work in the United States.  Margaret C. Jasper, Legal Almanac: The Law of Immigration § 8:3 (3d ed. 2008).

[2]This concession does not moot the case because Etenyi nevertheless could have been eligible for permanent residency as an immediate relative of a U.S. citizen. *See* 8 U.S.C. § 1255(a).

represented himself as a citizen of the United States for a purpose or benefit under the Immigration and Nationality Act ("the Act"), the IJ held that Etenyi was ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

Etenyi appealed the IJ's decision to the BIA. Dismissing Etenyi's appeal, the BIA held that Etenyi was removable because he had signed the Form I-9 and thereby adopted its contents. In addition, the BIA held that the IJ did not clearly err in its "finding of fact . . . that [Etenyi] presented [this] falsified evidence . . . to obtain unlawful employment." Finally, the BIA rejected Etenyi's argument that 8 U.S.C. § 1324a(b)(5) precludes the use of a Form I-9 in a removal proceeding. Etenyi now appeals.

"We review the BIA's legal determinations *de novo*, but we accord substantial deference to the BIA's interpretation of the statutes and regulations it administers." *Garcia-Gonzalez v. Holder*, 737 F.3d 498, 500 (8th Cir. 2013) (internal quotation marks omitted) (quoting *Spacek v. Holder*, 688 F.3d 536, 538 (8th Cir. 2012)). "We will not disturb the BIA's findings of fact unless they are unsupported by substantial evidence," *id.*, and "unless any reasonable adjudicator would be compelled to conclude to the contrary," *Goswell-Renner v. Holder*, 762 F.3d 696, 699 (8th Cir. 2014). Though we ordinarily review only the BIA's decision, "we also review the IJ's decision as part of the final agency action" if "the BIA adopted the findings or the reasoning of the IJ." *Garcia-Gonzalez*, 737 F.3d at 500 (quoting *Spacek*, 688 F.3d at 538).

Etenyi raises several challenges on appeal. First, he argues that the IJ erred in her factual findings because, at one point in her oral opinion, the IJ stated that Etenyi personally "checked the box on Form I-9," whereas Etenyi claims that the form shows the check was inserted by a computer. As an initial matter, we review the IJ's findings *only* to the extent that they were adopted by the BIA. *See id.* at 500. And the BIA did not adopt this specific finding. Instead, the BIA found that Etenyi was

removable "regardless of whether he marked the box" on the Form I-9 because he nevertheless signed the form and adopted the false claim of citizenship. We thus reject Etenyi's contention that the factual finding of the IJ, as adopted by the BIA, is unsupported by substantial evidence. *Id.*

This leads to Etenyi's second argument. Etenyi asserts that, even if the BIA did not find that Etenyi personally marked the box, the BIA erred when it accepted the IJ's credibility determination rejecting Etenyi's claim that he never saw the citizenship claim in the pre-populated form. Our case law establishes that an IJ's credibility determination receives great deference. After all, "an immigration judge is in the best position to make credibility findings because [s]he sees the witness as the testimony is given." *Mayo v. Ashcroft*, 317 F.3d 867, 871 (8th Cir.), *as amended* (June 25, 2003) (quoting *Hartooni v. I.N.S.*, 21 F.3d 336, 342 (9th Cir. 1994)). An IJ's adverse credibility finding therefore is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *R.K.N. v. Holder*, 701 F.3d 535, 537 (8th Cir. 2012) (quoting *Ali v. Holder*, 686 F.3d 534, 538 (8th Cir. 2012)). And the evidence in this case does not compel that conclusion.

The evidence at issue, as noted by the IJ, included the Form I-9 with the false claim of citizenship, Etenyi's testimony that he reviewed other information on the form before signing it, Etenyi's signature, and the fact that Etenyi, at the time he completed the form, had a college-level education from an American university. *See R.K.N.*, 701 F.3d at 538 (noting that the IJ must support an adverse credibility finding with "specific, cogent reasons for disbelief" (quoting *Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008))). Etenyi's Form I-9 stated that the applicant claimed citizenship "under penalty of perjury," and directly above Etenyi's signature, the form read: "I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form." This combination of facts and circumstances led the IJ to reject Etenyi's claim that he "failed to read the entire form and failed to note the box was checked." *See Matter*

*of D-R-*, 25 I. & N. Dec. 445, 453-55 (BIA 2011) (noting that an IJ may make reasonable inferences from direct and circumstantial evidence in the record). In light of the great deference we afford to an IJ's credibility determination, we cannot say the agency's conclusion was unsupported by substantial evidence. *See Garcia-Gonzalez*, 737 F.3d at 500.

In addition to these factual contentions, Etenyi raises several legal arguments, beginning with a challenge to the standard of review applied by the BIA. We review these legal challenges *de novo*. *Id*. The Code of Federal Regulations provides the BIA with authority to review the legal conclusions of an immigration judge *de novo*. 8 C.F.R. § 1003.1(d)(3)(ii). Etenyi argues that the BIA did not apply this standard because it did not "assess[] whether the evidence presented by DHS supported the legal conclusion that the DHS had met its burden of proving removability." We disagree. In its dismissal, the BIA affirmatively stated that it reviews legal issues *de novo*, "including whether the parties have met the relevant burden of proof." The BIA then noted that the IJ had "determined that there was clear and convincing evidence the respondent was removable." These statements, combined with the BIA's independent review of the evidence, reveal that the BIA employed the proper standard of review.

Etenyi next argues that the BIA should have found that DHS did not prove by clear and convincing evidence that Etenyi made a false claim of citizenship because the Form I-9 constituted the "sole evidence" of this claim. This argument fails. When Etenyi signed the form, he adopted its contents and thus falsely represented himself as a citizen to a potential employer. Accordingly, this Form I-9 evidence is sufficient. *See Dakura v. Holder*, 772 F.3d 994, 999 (4th Cir. 2014) (collecting cases).

Etenyi attempts to undermine this conclusion in two ways. First, he argues that a Form I-9 cannot serve as the basis for a false claim of citizenship in a removal

proceeding. *See Chamber of Commerce of U.S. v. Whiting*, 563 U.S. ---, 131 S. Ct 1968, 1974 (2011) (noting that under 8 U.S.C. § 1324a(b)(5), a Form I-9 "may not be used for purposes other than for enforcement of" the Immigration Reform and Control Act and "other specified provisions of federal law"). As the BIA noted, we have squarely addressed this argument several times, and we consistently have held that the language of 8 U.S.C. § 1324a(b)(5) does not preclude the use of a Form I-9 in removal proceedings. *See, e.g.*, *Downs v. Holder*, 758 F.3d 994, 997 (8th Cir. 2014). This argument therefore is foreclosed.

Second, Etenyi relies upon *Kirong v. Mukasey*, 529 F.3d 800 (8th Cir. 2008), to argue that DHS must present more than the Form I-9 to satisfy its burden of proof. However, our analysis in *Kirong* reflected the format of a prior version of the Form I-9, not the Form I-9 at issue in this case. *Id.* at 801. The previous format included a box that stated "I am a citizen *or national* of the United States." *Id.* (emphasis added). This disjunctive phrasing rendered the alien's statement ambiguous as to whether his "attestation involved a claim of citizenship or nationality." *Id.* at 805. The box on Etenyi's Form I-9 states only that the applicant is "[a] citizen of the United States." Because this phrasing is unambiguous, an alien who attests to the validity of the checked "citizen of the United States" box by signing this Form I-9 has made an objectively false representation of citizenship—and citizenship alone. Etenyi signed and submitted a Form I-9 with this formulation to his employer, and we thus require no additional evidence.

Because Etenyi is inadmissible for permanent residence, he is ineligible for relief in the form of an adjustment of status. To qualify for adjustment of status, an alien must demonstrate that he is admissible. *Kirong*, 529 F.3d at 804. And an alien is inadmissible if he falsely represents himself "to be a citizen of the United States for any purpose or benefit" under the Act. 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Etenyi made

this false representation by adopting the erroneous information on the Form I-9 submitted to his employer. Accordingly, he is ineligible for adjustment of status.[3]

For the foregoing reasons, we deny Etenyi's petition for review.

_____

[3]On appeal, Etenyi argues that DHS did not show intent as he claims is required by 8 U.S.C. § 1227(a)(3)(D). Because Etenyi did not raise these issues before the BIA, we lack jurisdiction to consider them. *See Sultani v. Gonzales*, 455 F.3d 878, 884 (8th Cir. 2006) ("Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter.").