# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1027

_____

Munna Songe Godfrey

*Petitioner*

v.

Loretta E. Lynch, United States Attorney General

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 21, 2015
Filed: January 22, 2016

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Munna Songe Godfrey petitions for review of the Board of Immigration Appeals' (BIA) decision denying his application for adjustment of status. An immigration judge (IJ) denied Godfrey's application after finding Godfrey intended to represent himself as a United States citizen on an I-9 Employment Eligibility Verification Form. The BIA affirmed. We deny Godfrey's petition for review.

# I

Petitioner Munna Godfrey is a 36-year-old native of Tanzania who came to the United States in May 2002 to attend Wichita State University under an F-1 nonimmigrant student visa. Godfrey dropped out of Wichita State in August 2002, but he has remained in the United States since. In 2004 he married Traci Godfrey, with whom he has one biological son and four step-children.

After dropping out of Wichita State, Godfrey attended other colleges and worked at a supermarket and College Hill Nursing and Rehabilitation Center. Each employer required Godfrey to fill out an I-9 Employment Eligibility Verification form, and each time he filled out the form, Godfrey checked a box indicating he was "a citizen or national of the United States."

In December 2005, Traci Godfrey filed an I-130 Petition for Alien Relative on behalf of her husband, which was approved in September 2006. After the I-130 was approved, Godfrey applied to the United States Citizen and Immigration Service (USCIS) to adjust his status to lawful permanent resident. However, USCIS denied Godfrey's application in October 2006 because he admitted he had falsely represented that he was a United States citizen when he applied to a community college.

On April 17, 2009, USCIS served Godfrey with a Notice to Appear, which charged him with violating the terms of his student visa. Godfrey appeared with counsel for a hearing before an IJ, admitted the allegations in the Notice to Appear, and conceded he was removable. But he requested a hearing on his application for adjustment of status under Section 245 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1255.

The IJ held an evidentiary hearing on the application for adjustment of status on April 9, 2010. At the hearing, USCIS opposed Godfrey's application on the

grounds that he falsely represented he was a citizen when he applied for community college. But it also cross-examined Godfrey about his representations in the I-9 forms he filled out in his employment applications. Godfrey testified that when he filled out the I-9 forms he hoped his employer would believe he was a United States citizen because he would not have a job if his employer found out he was not a United States citizen. At the end of the hearing, the IJ stated he would not consider the I-9 forms because they were not in the record before him, and he indicated he would grant Godfrey's application for adjustment. Godfrey had not completed his biometrics, however, so the IJ continued the hearing to June 4, 2010, and did not enter a decision.

A week before the hearing, the Department of Homeland Security filed an I-9 Form that Godfrey completed for College Hill Nursing and Rehabilitation on March 10, 2010 – five months after his first hearing before the IJ – on which he again indicated that he was a "citizen or national of the United States." Godfrey's counsel filed a supplemental brief and additional evidence. The IJ accepted each filing into evidence and continued the hearing to February 16, 2011.

At the February 2011 hearing, Godfrey testified about the March 10, 2010, I-9 Form. Godfrey testified he did not have the instruction form when he was filling out the I-9 Form, and that, while he did not know what "national" meant, he knew what a citizen was and he suspected a citizen was better than a national. He testified that he marked the "citizen or national" box because he knew he had to mark it to keep his job.

The IJ found Godfrey's testimony credible, but he also found Godfrey had falsely represented himself to be a citizen, not a national, on the I-9 Form. While Godfrey was unable to provide a specific definition of the term "citizen," and did not know the difference between a "citizen" and a "national," the IJ noted that Godfrey testified he knew that "representing himself as a citizen would be more helpful in

-3-

obtaining employment," and he would lose his job if he was not a citizen. The IJ found significant that Godfrey had misrepresented his citizenship status on an I-9 Form five months after he first appeared before the court for removal proceedings. Based on this evidence, the IJ found Godfrey had failed to demonstrate "clearly and beyond a doubt" that he was admissible to the United States because he purposefully represented himself to be a United States citizen in order to obtain a benefit under the INA, a non-waivable violation. 8 U.S.C. § 1182(a)(6)(C)(ii)(I). The IJ therefore denied Godfrey's application for adjustment of status and ordered Godfrey removed to Tanzania.

Godfrey appealed to the BIA. The BIA affirmed the IJ's findings that Godfrey knew he was not a citizen and that his false claim of citizenship for employment was non-waivable, and it rejected Godfrey's argument that the IJ erred by reopening the record to accept the I-9 forms. It adopted the IJ's decision and dismissed Godfrey's appeal on March 20, 2013.

Godfrey timely petitioned this Court in April 2013, but moved to remand to the BIA so it could determine whether an I-9 Form could be used as evidence in a removal proceeding. Godfrey argued three decisions following his 2011 immigration hearing – the United States Supreme Court's decisions in Chamber of Commerce v. Whiting, 563 U.S. 582 (2011), and Arizona v. United States, 132 S. Ct. 2492 (2012), and the Third Circuit's decision in Lozano v. City of Hazelton, 724 F.3d 297 (3d Cir. 2013) – affected this issue. This Court granted Godfrey's motion and remanded to the BIA.

Before the BIA issued a decision in Godfrey's case on remand, this Court held in Downs v. Holder, 758 F.3d 994, 998 (8th Cir. 2014), that an I-9 could be used as evidence in a removal proceeding, and the BIA subsequently issued a decision with the same holding. Matter of Bett, 26 I. & N. Dec. 437, 2014 WL 6680849 at *5 (BIA Oct. 30, 2014) (citing Downs, 758 F.3d at 998). Citing these two cases, the BIA held

-4-

in Godfrey's case that the IJ properly considered the I-9 forms, and it dismissed Godfrey's appeal. Godfrey timely petitioned this Court on January 7, 2015.

II

Godfrey petitions this Court for review of the BIA's decision on three grounds: (1) the IJ's and BIA's decisions were unsupported by substantial evidence; (2) Godfrey is eligible for a waiver of inadmissibility; and (3) the IJ's decision to consider the I-9 forms after he initially indicated he would grant the petition violated due process. We review the BIA's legal determinations de novo, but we accord "substantial deference to the BIA's interpretation of the statutes and regulations it administers." Spacek v. Holder, 688 F.3d 536, 538 (8th Cir. 2012) (quoting Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008)). We will overturn the BIA's findings of fact only if they are unsupported by substantial evidence. Garcia-Gonzalez v. Holder, 737 F.3d 498, 500 (8th Cir. 2013). We typically review only the BIA's decision. Id. However, "when—as here—the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Id. (internal quotations omitted).

A

Godfrey argues the BIA's finding that Godfrey falsely represented himself to be a "citizen" and not a "national" on Form I-9 is unsupported by substantial evidence.

An alien may seek adjustment of his immigration status under 8 U.S.C. § 1255(a). To be eligible for adjustment, the alien must be eligible to receive an immigrant visa and must be "admissible to the United States." 8 U.S.C. § 1255(a)(2). The alien petitioner bears the burden to prove "clearly and beyond doubt" that he is not inadmissible. 8 U.S.C. §1229a(c)(2)(A).

An alien is inadmissible when, inter alia, he falsely represents himself as a citizen of the United States for any purpose or benefit under the Immigration and Nationality Act. 8 U.S.C. § 1182(a)(6)(C)(ii). This subsection does not disqualify an alien from admission, however, when he falsely represents himself to be a national. Id.; Rodriguez v. Mukasey, 519 F.3d 773, 776 (8th Cir. 2008).

In this case, Godfrey checked a box on his Employment Eligibility Verification Form I-9 that he was a "citizen *or* national." Form I-9 (emphasis added).[1] But the disjunctive "or" makes it impossible to tell whether the alien intended to represent himself on Form I-9 as a citizen (in which case he is inadmissible) or a national (in which case he may still apply for admission). Therefore, the mere fact of checking the box is insufficient to find the alien intended to falsely represent himself as a citizen. Mayemba v. Holder, 776 F.3d 542, 545–46 (8th Cir. 2015). Rather, the alien's purpose in checking the box is determinative. Rodriguez, 519 F.3d at 777. The evidence must "clearly and beyond doubt establish that [the alien] did not falsely represent himself as a United States citizen when he marked the 'citizen or national of the United States' box on the Form I-9s." Kirong v. Mukasey, 529 F.3d 800, 805 (8th Cir. 2008).

Godfrey first argues the IJ did not properly analyze the legal issue of whether he intended to represent himself as a citizen or a national. Godfrey notes that the IJ misquoted Form I-9 in his summary of the evidence by stating Godfrey marked the "citizen *and* nationality" box. While the IJ did misquote Form I-9, the record as a whole shows he properly analyzed whether Godfrey intended to represent himself as a citizen or national. Elsewhere in his analysis of Godfrey's application for adjustment, the IJ correctly quoted Form I-9 and explained that under Eighth Circuit case law, the alien's intent in checking the box is determinative. The IJ then

---

[1]In 2009, USCIS updated Form I-9 to require the employee to indicate in separate checkboxes whether he is a citizen or a national.

analyzed, based on the evidence, whether Godfrey intended to represent himself as a "national" or a "citizen." The BIA, too, discussed whether Godfrey was claiming to be a citizen or a national on Form I-9.

Therefore, although the IJ did misquote Form I-9, the entirety of his analysis shows he was properly analyzing the key legal issue: whether Godfrey intended to represent himself as a citizen or a national. His initial misquote does not leave his decision unsupported by substantial evidence. See Reyes-Morales v. Gonzales, 435 F.3d 937, 943 (8th Cir. 2006) (finding harmless the BIA's reference to the wrong subsection of a federal regulation where the BIA applied the correct language in its analysis); Poerwantini v. Gonzales, 217 F. App'x 592, 593 (8th Cir. 2007) ("To the extent that the IJ's analysis misstated or failed to incorporate facts included in the 'Evidence Presented' section of the order, any error is harmless because we will review directly whether substantial evidence in the record supports the legal determination of the BIA.").

Godfrey also argues the IJ's decision was unsupported by substantial evidence because his testimony – which the IJ found credible – shows he did not know the difference between a citizen and a national, and therefore he could not have purposefully intended to represent himself as a citizen to gain an immigration benefit. Godfrey's testimony, however, belies this argument. Godfrey testified he believed he had to be a citizen to keep his job and he represented himself as a citizen because he understood being a citizen was better than being a national. His testimony therefore indicates he understood, to some extent, the difference between a citizen and a national and represented himself as a citizen for purposes of gaining and keeping employment.

The timing of Godfrey's representations also supports the IJ's findings that Godfrey represented himself to be a citizen, not a national, because Godfrey continued to represent himself as a citizen even after his immigration proceedings

commenced. In 2006, USCIS denied Godfrey's application to adjust his status to lawful permanent resident because he had falsely represented he was a United States citizen when he applied to community college. Godfrey's prior claims of false citizenship alone are evidence of his intent to represent himself as a citizen. See Mayemba, 776 F.3d at 546 n.2. But more importantly, the USCIS denial letter from 2006 shows Godfrey knew what a citizen was when he filled out the I-9 form in March 2010 – four years after USCIS denied his application for lawful permanent resident status and eleven months after his removal proceedings commenced. This evidence supports the IJ's finding that Godfrey knew the difference between a citizen and a national, and represented himself as a citizen because he believed he needed to be a citizen to keep his job, as he testified.

It is Godfrey's burden to prove clearly and beyond a doubt that he meant to represent himself as a national and not a citizen. Kirong, 529 F.3d at 805. Godfrey has produced no evidence that he intended to represent himself as a "national," and any such evidence would contradict his testimony that he did not know what a "national" is. See Mayemba, 776 F.3d at 546 (finding that, inter alia, the facts that petitioner knew what a citizen was and did not know what a national was supported finding of inadmissibility). Based on Godfrey's testimony, his prior false claims of citizenship, and the false claim of citizenship he made after removal proceedings commenced, the BIA's and IJ's finding that Godfrey falsely represented himself to be a "citizen" is supported by substantial evidence.

B

Godfrey next argues he is eligible for waiver of inadmissibility. The INA authorizes the Attorney General to waive inadmissibility under certain circumstances, depending on the reason the alien is inadmissible. See generally 8 U.S.C. § 1182. Under 8 U.S.C. § 1182(a)(6)(C), an alien may be inadmissible for (i) misrepresenting a material fact in order to procure admission or immigration documentation; or (ii)

falsely claiming to be a citizen of the United States to obtain a benefit. That subsection also authorizes a "waiver of clause (i)" – misrepresenting a material fact – in order to avoid hardship to the alien's family. 8 U.S.C. §§ 1182(a)(6)(C)(iii), 1182(i)(1). But it does not authorize a waiver of clause (ii), falsely claiming to be a United States citizen to obtain a benefit.

Godfrey was found to be ineligible for making a false misrepresentation of citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii), not under (6)(C)(i). The INA, therefore, does not authorize a waiver of his ineligibility to avoid hardship to his family. Sandoval v. Holder, 641 F.3d 982, 986 (8th Cir. 2011).

C

Finally, Godfrey argues the IJ violated his right to Due Process when he admitted evidence of Godfrey's false representation on the I-9 Form after he already granted Godfrey's petition for adjustment of status. This argument is both factually and legally incorrect.

First, the IJ had not concluded Godfrey's proceedings before he admitted the I-9. At the end of the hearing on April 9, 2010, the IJ indicated he would grant the adjustment of status, but counsel for Godfrey informed the IJ that Godfrey would need his biometrics taken before the IJ could grant the adjustment. The IJ continued the hearing to give Godfrey time to take these biometrics, but the United States submitted the I-9 before Godfrey completed these biometrics and the IJ formally granted adjustment. Therefore, the record was not "closed" as Godfrey argues, because the IJ had not entered a final order granting his application for adjustment of status. See 8 C.F.R. § 1003.23(a) (authorizing party to submit motion to reconsider or reopen "prior to the final order of an Immigration Judge"). Since the record was not closed, the IJ had broad discretion to reopen the record and consider the evidence, see 8 U.S.C. § 1229a(b)(1); Ivanov v. Gonzales, 487 F.3d 635, 639 n.4 (8th Cir.

2007) ("[T]he regulations permit an IJ to reopen removal proceedings at any time upon his or her own motion."), and, in fact, an affirmative duty to develop the record. Zeah v. Holder, 744 F.3d 577, 581 (8th Cir. 2014). As a factual matter, Godfrey is incorrect that the proceedings were concluded and the IJ had granted his application for adjustment.

Second, the IJ's decision to admit Form I-9 did not violate Godfrey's due process rights. To demonstrate a due process violation, the petitioner must show the IJ committed a "fundamental procedural error" and the error resulted in prejudice – that is to say, the outcome of the proceeding would have been different but for the error. Id. (quoting Lopez v. Heinauer, 332 F.3d 507, 512 (8th Cir. 2003)). The record definitively establishes the outcome of the proceedings would have been different if the IJ had not admitted the I-9 Form, because the IJ stated on the record that it would grant Godfrey's petition before it admitted this form.

But the IJ's decision to admit the I-9 was not a fundamental procedural error. "To comport with the requirements of due process, evidence must be 'probative and its admission . . . fundamentally fair . . . .'" Tun v. Gonzales, 485 F.3d 1014, 1026 (8th Cir. 2007) (quoting Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004)). After the IJ admitted the I-9, he gave Godfrey ample opportunity – over a year – to address the allegation and to submit his own evidence. Godfrey was able to testify a second time about his intent in filling out the form, and he filed briefing on his position. There was nothing fundamentally unfair about these proceedings. Therefore, the IJ's decision to admit the I-9 was not fundamental procedural error, and it did not violate Godfrey's due process rights.

III

For the foregoing reasons, we deny Godfrey's petition for review.

_____

-10-