# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1714
_____

Abdulkadir Omar Shire

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 14, 2020
Filed: July 23, 2020
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Abdulkadir Shire, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) denying Shire's motion to reopen removal proceedings based on changed country conditions in Somalia, his country of origin. For the following reasons, we deny the petition for review.

I.

In 2001, Shire was lawfully admitted to the United States as a refugee, and, in 2004, he obtained lawful permanent resident status. In 2006, Shire pled guilty to two drug offenses under Minnesota law: sale of a controlled substance in the third degree, in violation of Minn. Stat. § 152.023 subdiv. 1(a) and possession of a controlled substance in the third degree, in violation of Minn. Stat. § 152.023 subdiv. 2(a)(1). Shire was sentenced to a term of 170 days imprisonment and probation. Based on Shire's convictions, the Department of Homeland Security initiated removal proceedings, charging Shire with being removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance offense. Shire conceded removability, and on April 15, 2008, the IJ ordered him removed from the United States to Somalia.

On July 30, 2018, more than ten years after the final removal order, Shire, who was still in the United States, filed a motion to reopen his removal proceedings to apply for asylum. Shire sought relief based on changed country conditions in Somalia, an expressly stated exception to the general 90-day time frame to file a motion to reopen removal proceedings. See 8 U.S.C. § 1229a(c)(7)(C). Shire identified the rise of the terrorist groups ISIS-Somalia and al-Shabaab as demonstrating changed country conditions from the time of Shire's original removal proceedings in 2008.

The IJ denied Shire's motion to reopen his removal proceedings based on changed country conditions. After first noting the heavy burden a party bears in demonstrating why a case should be reopened, the IJ explained that Shire failed to compare any evidence of the status of al-Shabaab in Somalia in 2018 with the status of Islamic terrorist groups in 2008, when removal proceedings began. The IJ noted that al-Shabaab came into prominence in 2006 and was using the same tactics in 2018

that it had been using in 2008. On this basis, the IJ determined that Shire failed to demonstrate changed country conditions to warrant granting the motion to reopen.

The IJ also determined that Shire failed to demonstrate a substantial likelihood of a different outcome in his case if the IJ granted the motion to reopen. The IJ first determined that Shire's conviction for sale of a controlled substance was an aggravated felony and a particularly serious crime, rendering him ineligible for asylum and withholding of removal. However, even with his criminal history, Shire would be eligible for relief from removal under the Convention Against Torture (CAT). The IJ then considered Shire's entitlement to relief under the CAT, concluding that Shire failed to establish a prima facie case, specifically noting that the Somali government, while weak, was resisting al-Shabaab and would not acquiesce to torture of its citizens; that the number of deaths from al-Shabaab was low in comparison to the total population of Somalia; and that Shire's personal circumstances[1] did not subject him to particular notoriety in Somalia and did not demonstrate changed country conditions.

The BIA affirmed the IJ's decision, concluding that the IJ correctly determined that Shire failed to meet his burden of demonstrating changed country conditions and of establishing a prima facie showing of entitlement to CAT relief. Shire filed a petition for review with this Court, challenging the denial of his motion to reopen.

---

[1]In December 2017, Immigration and Customs Enforcement attempted to deport Shire in what was a failed attempt to deport multiple Somali citizens from the United States to their country of origin. After two days of travel, including a 23-hour delay on a runway in Senegal, the flight originally bound for Somalia returned to the United States. Individuals on the flight are currently involved in a class action lawsuit regarding this failed deportation attempt and the alleged conditions during the two-day odyssey. Shire asserts that his participation in this lawsuit makes him particularly recognizable in Somalia as an Americanized Somali.

While this action was pending, Shire filed an emergency motion to stay removal, which this Court denied. In April 2019, Shire was removed to Somalia.

## II.

Shire asserts that the BIA erroneously affirmed the IJ's denial of the motion to reopen removal proceedings based on changed country conditions pursuant to 8 U.S.C. § 1229a(c)(7)(C). Shire specifically asserts that the BIA and IJ erred by failing to even mention the rise of ISIS in Somalia in the relevant time period; by incorrectly evaluating evidence of the activities and strength of al-Shabaab between 2008 and 2018; by failing to consider the impact of Shire's personal circumstances on changed country conditions; and by placing a higher burden on Shire to establish prima facie eligibility for CAT relief than the requisite preponderance of the evidence standard. "We review decisions of the Board denying motions to reopen or reconsider for abuse of discretion." Habchy v. Gonzales, 471 F.3d 858, 861 (8th Cir. 2006). An abuse of discretion occurs "where a decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Id. at 861-62 (internal quotation marks omitted). "Though we ordinarily review only the BIA's decision, we also review the IJ's decision as part of the final agency action if the BIA adopted the findings or the reasoning of the IJ." Etenyi v. Lynch, 799 F.3d 1003, 1006 (8th Cir. 2015) (internal quotation marks omitted).

The government asserts that because Shire was convicted of a controlled substance offense enumerated in 8 U.S.C. § 1252(a)(2)(C), "our jurisdiction to review his denial of a motion to reopen a final order of removal is limited to constitutional claims and questions of law." Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008). However, "[b]ecause [Shire] disputes the Board's denial of relief under the CAT, we have jurisdiction to review both legal and factual challenges to the CAT order."

-4-

Omar v. Barr, No. 18-3351, 2020 WL 3477003, at *1 (8th Cir. June 26, 2020) (citing Nasrallah v. Barr, 140 S. Ct. 1683, 1688 (2020)). We thus consider Shire's factual arguments. See Sharif v. Barr, No. 19-1478, 2020 WL 3729406, at *3 (8th Cir. July 7, 2020) (applying Nasrallah to a challenge to a denial of a motion to reopen).

Under 8 U.S.C. § 1229a(c)(7), an alien is entitled to file one motion to reopen his removal proceedings within 90 days of the final order. However, this deadline does not apply where the basis for the motion is "changed country conditions arising in the country of nationality or the country to which removal has been ordered[.]" Id. § 1229a(c)(7)(C)(ii). But the right to reopen removal proceedings is relatively narrow: the BIA may deny a motion to reopen removal proceedings based on allegedly new evidence if it concludes the petitioner "fail[ed] to establish a prima facie case for the relief sought, fail[ed] to introduce previously unavailable, material evidence, and . . . even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief." Khalaj v. Cole, 46 F.3d 828, 834 (8th Cir. 1995).

Shire's first challenge to the denial of his motion to reopen is rooted in his disagreement with the factual determinations of the IJ, which were adopted by the BIA, regarding the rise of al-Shabaab between 2008 and 2018. He asserts that the IJ and BIA failed to meaningfully account for the increased violence perpetrated by this group, detailing in his brief numerous instances of al-Shabaab's violence between 2008 and 2018. However, in reviewing factual determinations, "we employ the deferential 'substantial evidence' standard. [W]e must affirm the BIA's factual decisions unless, after having reviewed the record as a whole, we determine that it would not be possible for a reasonable fact-finder to adopt the BIA's position." Njong v. Whitaker, 911 F.3d 919, 922-23 (8th Cir. 2018) (alteration in original) (internal quotation marks and citation omitted). The record supports the IJ's and BIA's conclusion that al-Shabaab was present in Somalia in 2008 and continued to use the same tactics through 2018, which in turn supports the conclusion that Shire

failed to show Somalia experienced changed country conditions based on the rise of al-Shabaab. The IJ specifically noted that the Somali government continued to try to resist al-Shabaab's activities and that the number of deaths at the hands of al-Shabaab was low in comparison to the total population of Somalia. We thus conclude that substantial evidence supports the conclusion that al-Shabaab's activities between 2008 and 2018 did not represent a material increase in violence.

Shire also asserts that the IJ and BIA failed to consider the rise of ISIS in Somalia during the relevant time period, which amounts to an independent legal error. However, the IJ and BIA specifically discussed the existence of Islamic terrorist groups and their status in Somalia. Although the IJ and BIA did not explicitly mention ISIS, both decisions reflect the factual determination that the country conditions involving Islamic terrorist groups had not materially changed between 2008 and 2018. As stated above, this conclusion is supported by substantial evidence. We thus find no error in the denial of the motion to reopen on this basis.

Further, as to Shire's assertion that the IJ and BIA erred in consideration of his personal circumstances insofar as they were evidence of changed country conditions, he again simply disagrees with the finding that his personal circumstances did not subject him to particular notoriety in Somalia. The IJ and BIA expressly addressed this point, concluding that Shire's participation in a class action lawsuit involving the failed attempt to return him to Somalia from the United States and his visibility as a westernized Somali would not make him particularly identifiable. After review of the record, we conclude that substantial evidence supports this factual determination.

Finally, Shire asserts that the IJ and BIA erred by placing an incorrect burden on him to establish a prima facie case of entitlement to relief under the CAT. Although Shire asserts the BIA erroneously adopted the IJ's "overly narrow standard for torture," his argument, when fully considered, amounts to a disagreement with the IJ's and BIA's factual determinations regarding the likelihood of torture occurring at

the hands of al-Shabaab or other Islamic terrorist groups. Shire's argument that the IJ and BIA placed a heightened burden on him to prove entitlement to CAT relief merely reargues the evidence of potential torture that the IJ and BIA found insufficient. It does not demonstrate that the IJ or BIA imposed on Shire a standard greater than a preponderance of the evidence when making its findings. When applying the deferential substantial evidence standard, we cannot conclude that the BIA's and IJ's determination that Shire would not be subject to a heightened risk of torture at the hands of al-Shabaab or ISIS is unsupported by the record so that "it would not be possible for a reasonable fact-finder to adopt the BIA's position." Njong, 911 F.3d at 923 (quoting Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir. 2004)). The BIA thus did not abuse its discretion in denying Shire's motion to reopen.

III.

Accordingly, we deny the petition for review.

_____