# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3442

_____

United States of America

*Plaintiff - Appellee*

v.

Marion Anthony Norwood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 6, 2017
Filed: April 17, 2017
[Published]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Marion Anthony Norwood appeals the judgment of the district court[1] entered after a jury found him guilty of conspiracy to commit bank fraud. See 18 U.S.C.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

§§ 1344, 1349. Norwood's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the admission of certain evidence, and certain sentence enhancements. In a pro se brief, Norwood challenges the ruling of District Judge Phillips at sentencing that she need not recuse; he also challenges sentence enhancements and argues that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

The indictment charged that Norwood conspired with others to commit bank fraud from December 10, 2012 to about January 4, 2013. The evidence at a three-day trial showed that United States Postal Service investigators uncovered a scheme in which groups from Atlanta, Georgia, traveled throughout the United States, stole business mail from industrial business parks, and used the stolen mail to create counterfeit payroll checks. Norwood's conspiracy involved transactions that occurred primarily in the Kansas City area. According to the Postal Inspector, conspirators known as "handlers" recruited homeless individuals who had state-issued identification cards and were willing to cash counterfeit checks for a small fee. The handlers provided the recruits with clothing, transportation, and instructions on what to do upon entering the bank and leaving with the cash. The handlers exchanged text messages with conspirators creating counterfeit checks and then picked up the counterfeit checks on the way to FDIC-insured banks. The check makers ran the crew and divided the proceeds. Law enforcement officials and cooperating witnesses confirmed the Postal Inspector's description of the scheme and Norwood's participation as a check maker. The jury found him guilty. Upon careful review, we conclude that the evidence was sufficient to sustain the jury's verdict, and that evidence about past events was properly admitted under Federal Rule of Evidence 404(b). See United States v. Maxwell, 778 F.3d 719, 725 (8th Cir.) (sufficiency), cert. denied, 135 S. Ct. 2390, 135 S. Ct. 2827, 136 S. Ct. 176, 136 S. Ct. 319 (2015); United States v. Beckman, 787 F.3d 466, 477- 78 (8th Cir.) (admission of Rule 404(b) evidence), cert. denied, 136 S. Ct. 160 (2015).

At the beginning of the multi-day sentencing hearing, Judge Phillips noted that, according to the presentence report, the conspiracy for which Norwood was convicted "is part of a nationwide counterfeit check ring out of Atlanta, Georgia, that has been under investigation by the United States Postal Inspection Service since 2010" -- before Judge Phillips left her position as United States Attorney for the Western District of Missouri on March 22, 2012. Judge Phillips asked the government for clarification as to when investigation of the conspiracy involving Norwood had begun, so that she could determine whether she had a conflict of interest. Assistant United States Attorney John Cowles responded that, while the first arrests of persons recruiting homeless persons in Kansas City occurred in December 2011, the government "had literally no information about Mr. Norwood" prior to January 2013. Norwood was not indicted until November 2013, and the counterfeit checks used in prosecuting his conspiracy were collected no earlier than September 2012, although evidence gathered later showed that Norwood's involvement pre-dated the acts for which he was charged. Judge Phillips determined that the investigation and prosecution of Norwood's conspiracy offense occurred after she was U.S. Attorney, so she had no conflict of interest and recusal was not required. We agree.

The federal statute governing judicial disqualification provides that a judge "shall" disqualify if she "has served in governmental employment and in such capacity *participated* as counsel . . . or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3) (emphasis added). Before Congress adopted this language in 1974, the statute provided that a judge shall disqualify "in any case in which [she] . . . has been of counsel . . . ." 28 U.S.C. § 455 (1970). As the U.S. Attorney serves as counsel for the United States in all prosecutions brought in her District, the term "of counsel" was construed as requiring a federal judge to recuse in all cases where the prosecution was brought while she was in office. Barry v. United States, 528 F.2d 1094, 1099 n.14 (7th Cir. 1976); see Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993). However, the word "case" was given "a rather strict meaning," namely, that "a 'case' begins with the first formal

prosecutorial proceeding (arrest, complaint or indictment) which is designed to bring a named alleged offender before the court." Barry, 528 F.2d at 1098 (quotation omitted); see In re Grand Jury Investigation, 486 F.2d 1013, 1015 (3d Cir. 1973). Though the 1974 revision changed the word "case" to "proceeding," its legislative history reflected no intent to change the restrictive case requirement of the prior statute. Barry, 528 F.2d at 1098-99 & n.9.

The 1974 revision did, however, replace the reference to "of counsel," which suggested a *per se* rule of disqualification for U.S. Attorneys, with the more limited standard in § 455(b)(3) -- a judge must recuse if she served in government employ "and in such capacity *participated* as counsel." Under this standard, a party seeking recusal must show that the judge while serving as U.S. Attorney actually participated as counsel for the government in investigating or prosecuting the specific conspiracy underlying the present indictment. See United States v. Di Pasquale, 864 F.2d 271, 278-79 (3d Cir. 1988); United States v. Gipson, 835 F.2d 1323, 1326 (10th Cir. 1988). Norwood made no such belated showing. Nor did he offer evidence tending to show that a reasonable person with knowledge of the relevant circumstances might reasonably question Judge Phillips's impartiality, requiring recusal under 28 U.S.C. § 455(a). Norwood's further suggestion that due process required Judge Phillips to recuse *sua sponte* is without merit. "[U]nder the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." Williams v. Pennsylvania, 136 S. Ct. 1899, 1905-06 (2016). Judge Phillips while U.S. Attorney had no significant personal involvement in a critical decision regarding Norwood's subsequent prosecution for mail fraud conspiracy.

At sentencing, following the presentation of evidence in support of the recommended Guidelines calculations, the district court sustained Norwood's objections to enhancements involving the number of victims and the amount of intended losses (assessing 49 victims rather than 50 or more, and finding an intended

loss of $389,172.89 rather than $50 million or more). The court overruled his objections to enhancements for the use of sophisticated means, the unauthorized use of identification, and his leadership role. We conclude that the district court properly applied the Guidelines and made no clearly erroneous factual finding. See United States v. Jenkins, 578 F.3d 745, 748-49 (8th Cir. 2009). The resulting advisory guidelines range was 140-175 months in prison. The district court imposed a 144-month sentence and ordered restitution of $275,747.34. We find nothing in the record to indicate that sentence is substantively unreasonable.

Finally, as in most cases, Norwood's pro se ineffective-assistance claims are best left for proceedings under 28 U.S.C. § 2255. See United States v. Davies, 583 F.3d 1081, 1091 (8th Cir. 2009). Following review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issue for direct appeal. Accordingly, the judgment of the district court is affirmed. We grant counsel's motion to withdraw.

_____