# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3835

_____

Vladimir Maric

*Petitioner*

v.

Jefferson B. Sessions, III,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 14, 2016
Filed: April 18, 2017

_____

Before LOKEN, MURPHY, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Vladimir Maric is a citizen of Bosnia and Herzegovina, part of the former Yugoslavia, who was admitted into the United States as a refugee with his wife and two children in September 1999 and became a lawful permanent resident in 2001.

_____

[1]Jefferson B. Sessions, III, has been appointed to serve as Attorney General of the United States and is substituted as respondent. See Fed. R. App. P. 43(c).

The Department of Homeland Security ("DHS") commenced removal proceedings in January 2011, charging that Maric obtained immigration benefits by fraud or willful misrepresentation of a material fact. See 8 U.S.C. § 1182(a)(6)(C)(i). After a hearing, the Immigration Judge ("IJ") found Maric removable because, at the time of his admittance and adjustment of status, he concealed that he had served in the Army of the Serb Republic, Vojska Republika Srpske ("VRS"), from January 2, 1995 to January 27, 1996, a period that encompassed the July 1995 massacre of thousands of Bosnian Muslim prisoners in Srebrenica, Bosnia and Herzegovina. Maric applied for a discretionary waiver of deportation under 8 U.S.C. § 1227(a)(1)(H). The IJ found Maric ineligible for this relief because he failed to prove he is not an alien who "committed . . . assisted, or otherwise participated in" extrajudicial killings under color of law of any foreign nation. 8 U.S.C. § 1182(a)(3)(E)(iii). The Board of Immigration Appeals ("BIA") affirmed. Maric petitions for review, arguing the BIA erred by not requiring the government to prove by clear and convincing evidence that he was inadmissible under § 1182(a)(3)(E). We deny the petition for review.

**1.** Section 212(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a), lists classes of aliens who are "ineligible for visas or admission." Class 3 encompasses "[s]ecurity and related grounds," which include an alien who has committed or participated in extrajudicial killings. See § 1182(a)(3)(E)(iii). Class 6 is entitled "[i]llegal entrants" and includes those who obtain immigration benefits by fraud or material misrepresentation. See § 1182(a)(6)(C)(i). A "material" misrepresentation is one that has "a natural tendency to influence the decisions" of the DHS. Matter of D-R-, 25 I. & N. Dec. 445, 450 (BIA 2011).

Section 237(a) of the INA, 8 U.S.C. § 1227(a), lists classes of removable aliens. An alien who was inadmissible at the time of entry or adjustment of status is removable. §1227(a)(1)(A). This category includes an alien who was inadmissible for fraud or material misrepresentation under § 1182(a)(6)(C)(i). However, an alien removable for this reason may be eligible for a discretionary waiver of removal if he

meets the criteria in § 1227(a)(1)(H), unless he is "an alien described in paragraph (4)(D)," a cross reference to § 1227(a)(4)(D). Section 1227(a)(4)(D) in turn cross references § 1182(a)(3)(E)(iii). Thus, an alien who has participated in extrajudicial killings under color of law of a foreign nation is ineligible for this waiver of removal.

The Attorney General's regulations provide that DHS must prove that an alien is removable by clear and convincing evidence. See 8 C.F.R. § 1240.8(a). But an alien applying for a waiver of removal under § 1227(a)(1)(H) "has the burden of proof to establish that . . . [he] satisfies the applicable eligibility requirements." 8 U.S.C. § 1229a(c)(4)(A). "If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

**2.** At the hearing, Michael MacQueen, a senior historian in DHS's Human Rights Division, testified that the VRS and other forces participated in a coordinated killing operation at Srebrenica in July 1995. The IJ found that Maric's failure to disclose his service in the VRS at this time was a material misrepresentation under § 1182(a)(6)(C)(i), making Maric removable under § 1227(a)(1)(A).[2] Maric requested a waiver under § 1227(a)(1)(H). DHS presented evidence that Maric may have participated in the atrocities at Srebrenica. VRS enrollment and attendance records list Vladimir Maric, with the correct birth date, as carrying out combatant assignments for the Sixth Battalion, Third Company, of the Zvornik Brigade throughout most of the month of July 1995. MacQueen also testified that records of the International Criminal Tribunal for the former Yugoslavia establish that members of the Sixth Battalion were housed during this time at a school building in Petkovci. On July 14, the VRS detained around 1,000 Bosnian Muslim men and boys captured

---

[2]Maric did not appeal the finding he is removable to the BIA or in his petition for review to this court.

while fleeing the area. Members of the Sixth Battalion removed prisoners from the school building on July 15 to a nearby dam, executed them by automatic rifle, and buried them in mass graves.

Maric testified that he was forcibly conscripted by the VRS in January 1995. In July, he was on active duty only on July 22, when the VRS removed him from a marketplace, provided him with an old military uniform and a gun, and bused him to Petkovci. He walked to Bajkovica and was told to sit and watch the trenches. He saw unarmed men crossing a bridge, but did not observe any shooting or dead bodies. He provided two documents relating to his military service, a September 1994 certificate of exemption showing he was previously exempt from the draft for medical reasons, and a certificate of conscription demonstrating service in the Zvornik Brigade from January 2 to April 4, 1995.

Based on this evidence, the IJ found that Maric may have participated in the atrocities at Srebrenica, "extrajudicial killings" that would make him ineligible for a waiver of removal under 8 U.S.C. §§ 1227(a)(4)(D) and 1182(a)(3)(E)(iii). Placing the burden on Maric to prove by a preponderance of the evidence that grounds for mandatory denial of a waiver did not apply, the IJ denied Maric's request for a waiver of removal, finding that his testimony regarding his limited military service was not credible and the documents he submitted did not relate to his involvement with the Zvornik Brigade in July 1995.

Maric appealed to the BIA, arguing that the IJ erred in not requiring DHS to prove by clear and convincing evidence that he participated in the Srebrenica massacre and therefore was inadmissible under § 1182(a)(3)(E)(iii), the burden of proof placed on DHS in Matter of D-R-. The BIA rejected this contention. The issue in Maric's case "is not comparable," the BIA explained, because in Matter of D-R-, the DHS proved by clear and convincing evidence that respondent was *removable* because he participated in extrajudicial killings. Here, DHS did not charge that Maric

-4-

was removable because he was inadmissible under § 1182(a)(3)(E).  Rather, DHS proved by clear and convincing evidence that Maric was removable because he was inadmissible under § 1182(a)(6)(C)(i) for willful misrepresentation of a material fact, and thus the issue was whether he was eligible for waiver *relief* from that removal under § 1227(a)(1)(H).  As the BIA explained, when the IJ found that the government's evidence "indicates that one or more of the grounds for mandatory denial of the application for relief may apply," the IJ correctly applied 8 C.F.R. § 1240.8(d) and placed on Maric the burden to prove he is eligible for waiver relief by a preponderance of the evidence.

**3.** On appeal, Maric again argues that the BIA and the IJ erred in not requiring DHS to prove by clear and convincing evidence that he was inadmissible and therefore removable because he participated in the extrajudicial killings at Srebrenica. "We review the BIA's legal determinations de novo, but we accord substantial deference to the BIA's interpretation of the statutes and regulations it administers." Godfrey v. Lynch, 811 F.3d 1013, 1017 (8th Cir. 2016) (quotation omitted).

Like the BIA, we conclude that Maric's argument is contrary to the plain language of the governing statutes and regulation.  By statute, the discretionary waiver of removal Maric seeks under § 1227(a)(1)(H) is available only if (i) he is removable because he was inadmissible for fraud or material misrepresentation under § 1182(a)(6)(C)(i), and (ii) he is not "an alien described in" § 1227(a)(4)(D). Consistent with the governing regulation, the IJ's finding that DHS presented evidence that "indicates" Maric may have participated in the extrajudicial killings at Srebrenica placed on Maric the burden to prove by a preponderance of the evidence that the statutory bar in § 1182(a)(3)(E)(iii) did not apply. See 8 C.F.R. § 1240.8(d). Maric objects that shifting the burden of proof to him based solely on evidence that "indicates" potential inadmissibility opens a government "backdoor" to find aliens inadmissible and therefore removable without sufficient evidence.  But the issue in this case is not removability, it is Maric's eligibility for relief from being removed

-5-

because he willfully misrepresented material facts in obtaining immigration benefits. "While the government bears the burden to prove the alien is deportable or removable, it is the alien's burden . . . to prove he is eligible for cancellation of removal." Andrade-Zamora v. Lynch, 814 F.3d 945, 949 (8th Cir. 2016).

Maric concedes that he is removable for willful misrepresentation and that DHS's evidence "indicates" that he may have participated or assisted in the extrajudicial killings at Srebrenica in July 1995. In these circumstances, the BIA properly placed on Maric the burden to prove that the statutory bar to waiver relief in 8 U.S.C. § 1182(a)(3)(E)(iii) did not apply. Accordingly, we deny the petition for review. We lack jurisdiction to grant Maric's request for voluntary departure. See 8 U.S.C. § 1229c.

_____