# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3054

_____

Nemmy James Ngugi Matiru

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

No. 17-1007

_____

Nemmy James Ngugi Matiru

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 7, 2017
Filed: December 12, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this consolidated matter, Kenyan citizen Nemmy James Ngugi Matiru petitions for review of orders of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed Matiru's appeal from the decision of an immigration judge (IJ), which sustained a charge of removability under 8 U.S.C. § 1227(a)(1)(G)(ii) (failure to fulfill marital agreement, which, in Attorney General's opinion, was made to procure alien's admission as immigrant) and ordered him removed to Kenya[1]. The BIA also denied his motion for reconsideration.

Matiru contends that the agency applied the wrong standard in determining removability. He asserts that the Department of Homeland Security (DHS) was required to establish all facts that supported the removal charges with evidence that was "clear, unequivocal and convincing." He also contends he was denied his procedural due-process right to a full and fair hearing because the IJ's rulings regarding recusal, witness credibility, and the admission of evidence likely arose "from unintentional, implicit association bias." He further claims the BIA mischaracterized his motion to reopen as a motion for reconsideration, and

_____

[1]The IJ's decision denying Matiru's application for statutory waiver of removability under 8 U.S.C. § 1227(a)(1)(H) is not before this court.

-2-

improperly rejected his argument that *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), required the IJ to recuse herself due to her prior contact with the immigration service officer who interviewed Matiru when the IJ worked as an attorney for DHS.

This court concludes that the BIA applied the correct standard in determining that Matiru was removable under section 1227(a)(1)(A) in requiring DHS to establish the facts supporting the charges against Matiru by clear and convincing evidence. *See Maric v. Sessions*, 854 F.3d 520, 522 (8th Cir. 2017) (applying "clear and convincing" standard to alien who was removable under section 1227(a)(1)(A) based on inadmissibility at time of entry and adjustment of status).

Matiru was not denied his procedural due-process right to a full and fair hearing by the IJ's rulings or the BIA's treatment of his motion. *Williams* does not require the IJ to recuse herself, as the record establishes that she had no previous knowledge or involvement in Matiru's case prior to her role as an IJ conducting his proceedings. *See United States v. Norwood*, 854 F.3d 469, 471-72 (8th Cir. 2017) (finding no merit in defendant's suggestion that due process required district court judge – a former U.S. Attorney who left government employ after first arrests were made in defendant's case but before government acquired any information about defendant – to recuse sua sponte; citing *Williams* and concluding that judge did not have conflict of interest that would require recusal, as she had no significant personal involvement in critical decision regarding defendant's subsequent prosecution and defendant offered no evidence tending to show reasonable person with knowledge of relevant circumstances might reasonably question her impartiality); *cf. Williams*, 136 S. Ct. at 1906-07.

The IJ's credibility rulings were properly explained and supported, and thus entitled to deference. *See* 8 U.S.C. § 1229a (c)(4)(C) (listing permissible bases for credibility determinations); *Loulou v. Ashcroft*, 354 F.3d 706, 709 (8th Cir. 2004) (this court defers to IJ's adverse credibility findings when they are supported by

specific, cogent reasons for IJ's disbelief). The record refutes Matiru's "unintentional, implicit association bias" argument. *Cf. Liteky v. United States*, 510 U.S. 540, 556 (1994) (rejecting petitioner's assertions of judge bias or partiality, because identified manifestations of alleged judge bias in conduct of trial – including questions posed to certain witnesses, alleged "anti-defendant tone," cutting off a testimony relevant to state of mind, and post-trial refusal of IFP motion – did not display deep-seated and unequivocal antagonism that would render fair judgment impossible).

The BIA properly treated Matiru's motion as one for reconsideration, because it challenged the correctness of the IJ's failure to recuse herself in light of intervening Supreme Court case law. The BIA correctly found that the motion was untimely filed. *See* 8 U.S.C. § 1229a(c)(6)(B) (deadline for filing of motion to reconsider); *Gomez-Gutierrez v. Lynch*, 811 F.3d 1053, 1059-60 (8th Cir. 2016) (motion to reconsider contests correctness of original decision based on previous factual record; motion to reopen seeks new hearing based on evidence that is new or was previously unavailable).

The petition is denied. *See* 8th Cir. R. 47B.

_____