**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1077**

———————

In re:  ALVIN B. TRUESDALE,

Petitioner.

———————

On Petition for Writ of Mandamus.  (3:92-cr-00034-RJC-1)

———————

Submitted:  August 24, 2021                                    Decided:  August 26, 2021

———————

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Alvin Bernard Truesdale, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin B. Truesdale filed a petition for a writ of mandamus and a supplement to the petition alleging that the district court has unduly delated acting on a number of motions he filed in the district court. He also seeks the recusal of the district court judge, an explanation for the reassignment of his case, and the assignment of his case to an impartial judge. We conclude that Truesdale is not entitled to mandamus relief.

To the extent that Truesdale alleges a delay by the district court in ruling on motions in his case, our review of the district court's docket reveals that the district court has since denied relief on the subject motions. Accordingly, this portion of Truesdale's mandamus petition is denied as moot.

Turning to Truesdale's demand for recusal, "[a] district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for a writ of mandamus." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). A federal judge must recuse himself if "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding." 28 U.S.C. § 455(b)(3). Truesdale has not established that the district court judge participated in his prosecution. We therefore conclude that mandamus relief is not warranted on this claim. *See United States v. Norwood*, 854 F.3d 469, 471-472 (8th Cir. 2017).

With respect to Truesdale's remaining claims, it is well-established that mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Mandamus relief is available only when the petitioner has a clear right to

the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

Accordingly, we deny the petition and supplemental petition for a writ of mandamus. We also deny Truesdale's motions to certify questions to this court, to compel a response by the district court, to hold his notice of appeal in abeyance, for appointment of counsel, for the production of documents and court records, and for a hearing on his motion to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*